STUART F. DELERY
Assistant Attorney General
WILLIAM C. PEACHEY
Director, District Court Section
Office of Immigration Litigation
ELIZABETH J. STEVENS
Assistant Director, District Court Section
VICTOR M. MERCADO-SANTANA (Pa. 312116)
Trial Attorney
Civil Division, Office of Immigration Litigation
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Telephone:  (202) 305-7001
Facsimile:  (202) 616 -8962
E-mail:  victor.m.mercado-santana@usdoj.gov
*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| MARCO ANTONIO ALFARO GARCIA, CREDY MADRID CALDERON, GUSTAVO ORTEGA, CLAUDIA RODRIGUEZ DE LA TORRE, and NANCY BARDALEZ SERPA, on behalf of themselves and all others similarly situated, | Case No. 4:14-cv-1775-YGR |
| | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| *Plaintiffs*, | Hon. Yvonne Gonzalez Rogers |
| v. | Date: September 23, 2014<br>Time: 2:00 pm<br>Courtroom 5, 2d  Floor<br>Oakland Courthouse |
| JEH JOHNSON, Secretary of Homeland Security, LEON RODRIGUEZ, Director of U.S. Citizenship and Immigration Services, and JOSEPH LANGLOIS, Associate Director of Refugee, Asylum and International Operations, | |
| *Defendants*. | |

.

## **TABLE OF CONTENTS**

TABLE OF CONTENTS…………………………………………….…..……..…..i

TABLE OF AUTHORITIES…………..…………………………………………......…..ii

ARGUMENT…………………………………………………………….…..…...1

      I.      The agency has not violated 8 U.S.C. § 208.31(b)……………………………..1

      II.    The regulation is not mandatory because it contains an exception subject to the agency's discretion………….…………………………………………..1

      III    The regulation is not mandatory where it was not created to confer procedural benefits………………………………………………………..... 3

      IV.    To the extent Plaintiffs request sanctions, they are precluded where the Regulation neither requires action within a particular time-period nor specifies a consequence………………………………………………………..… 5

      V.    Plaintiffs have no private right of action ………………………………………7

      VI.    The "exceptional circumstances" exception is discretionary……………………8

      VII.   Plaintiffs failed to state a claim upon which relief may be granted……………...11

CONCLUSION………………………………………………………………..14

CERTIFICATE OF SERVICE

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Am. Farm Lines v. Black Ball Freight Serv.*,
  397 U.S. 532 (1970)...............................................................................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)……………………………………………………...…..12, 13

*Barnhart v. Peabody Coal Co.*,
  537 U.S. 149 (2003)...............................................................................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)……………………………………………………….....12

*Brock v. Pierce County*,
  476 U.S. 253 (1986)……………………………………………………………...6

*Brower v. Evans*,
  257 F.3d 1058 (9th Cir. 2001)...............................................................................12

*Citizens to Preserve Overton Park v. Volpe*,
  401 U.S. 402 (1971)...............................................................................................9

*Dong v. Chertoff*,
  513 F. Supp. 2d 1158 (N.D. Cal. 2007).............................................................2, 3

*French v. Edwards*,
  80 U.S. 506 (1871)...............................................................................................5

*Gianino v. Alacer Corp.*,
  846 F. Supp. 2d 1096 (C.D. Cal. 2012)................................................................11

*Giddings v. Chandler*,
  979 F.2d 1104 (5th Cir. 1992)……………………………………...…..……..5

*Hamoui v. Ashcroft*,
  389 F.3d 821 (9th Cir. 2004)……………………………………….....……8

*Heckler v. Chaney*,
  470 U.S. 821 (1985)……………………………………………………..8, 9, 11

*Henderson* ex rel. *Henderson v. Shinseki*,
  131 S.Ct. 1197 (2011)……………………………………………….……4

*Hendrickson v. FDIC*,
    113 F.3d 98 (7th Cir. 1997)……………………………………………….…………7

*Husyev v. Mukasey*,
    528 F.3d 1172 (9th Cir. 2008)……………………………………...…………9, 10

*Int'l  Labor Mgmt. Corp. v. Perez*,
    2014 WL 1668131 (M.D.N.C. April 25, 2014)……………………………….....3

*Kashkool v. Chertoff*,
    553 F. Supp. 2d 1131 (D. Ariz. 2008)……………………………………...…..13

*Lincoln v. Vigil*,
    508 U.S. 182 (1993) ……………………………………………………………8, 9

*Mashpee Wampanoag Tribal Council v. Norton*
    336 F.3d 1094 (D.D.C. 2003)…………………………………………………..14

*Morales-Izquierdo v. Gonzales*,
    486 F.3d 484 (9th Cir. 2007)…………………………………………………...5

*Morton v. Ruiz*,
    415 U.S. 199 (1974)…………………………………………………………...5

*Norton v. Southern Utah Wilderness Alliance*,
    542 U.S. 55 (2004)…………………………………………………..……......2, 3, 5

*Ramadan v. Keisler*,
    504 F.3d 973 (9th Cir.2007) ……………………………………………………11

*Richardson v. Joslin*,
    501 F.3d 415 (5th Cir. 2007)…………………………………………………..3

*Santos v. Sabol*,
    2014 WL 2532491 (M.D. Pa. 2014)…………………………………….………14

*Savage v. Glendale Union High School*,
    343 F.3d 1036 (9th Cir. 2003)…………………………………………………...2

*Service v. Dulles*,
    354 U.S. 363 (1957)……………………………………………………..…..3

*Taslimi v. Holder*,
    590 F.3d 981 (9th Cir. 2010)……………………………………………...……10

*Telecommunications Research and Action Center v. FCC*,
    750 F.2d 70, 80 (D.D.C. 1984)……………………………………………….…….12

*United States* ex rel. *Accardi v. Shaughnessy*,
    347 U.S. 260 (1954)……………………………………………...…1, 3

*United States v. James Daniel Good Real Property*,
    510 U.S. 43 (1993)…………………………………………...……....6

*United States v. Montalvo-Murillo*,
    495 U.S. 711 (1990)……………………………………...…………..…7

*United States v. Morgan*,
    193 F.3d 252 (4th Cir. 1999)……………………………..…………….3

*Viracacha v. Mukasey*,
    518 F.3d 511 (7th Cir. 2008)……………………………………………11

*Wal-Mart v. Dukes*,
    131 S. Ct. 2541 (2011)……………………………...………………....10

*Xiao Ji Chen v. U.S. Dep't of Justice*,
    434 F.3d 144 (2d Cir. 2006)……………………………….…………….11

*Zhu v. Gonzalez*,
    493 F.3d 588 (5th Cir. 2007)……………………...…………………….10

## **STATUTES**

### **Immigration and Nationality Act of 1952, as amended:**

8 U.S.C. § 1158(a)(2)(D)……………………………………………...…….9, 10

8 U.S.C. § 1228(a)(1) ……………………………………………...…….7, 8

8 U.S.C. § 1231(a)(2)………………………………………………….14

8 U.S.C. § 1231(a)(5)………………………………………….…………….7

8 U.S.C. § 1231(b)(3)……………………………………………………….4, 7

8 U.S.C. § 1231(h)………………………………………………………...7, 8

**Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"):**

Section 2242 ………………………………………………………...…………8

Section 2242(b) ……………………………………………………...…………8

Section 2242(d) ……………………………………………………...…………8

## <u>REGULATIONS</u>

8 C.F.R. § 208.4(a)(5)………………………………………………...…………9

8 C.F.R. § 208.31…………………………………………………….…..7, 10

8 C.F.R. § 208.31(b)…………………………………………...…………1, *passim*

8 C.F.R. § 238.1………………………………………………………………4

8 C.F.R. §  238(b)……………………………………………………………7

8 C.F.R. §  241(a)(5)…………………………………………………………..7

8 C.F.R. §  241.8(b)…………………………………………………………4

**Federal Rules Of Civil Procedure:**

Fed. R. Civ. P. 8(d)(3)………………………………………………………11

Fed. R. Civ. P. 12(b)(1)……………………………………………...……2

Fed. R. Civ. P. 12(b)(6)……………………………………………………14

Fed. R. Civ. P. 23(b)(2)……………………………………………………10

**Other**

Regulations Concerning the Convention Against Torture,
64 Fed. Reg. 8,478 (Feb. 19, 1999)………………………………………5, 10

## <u>MISCELLANEOUS</u>

H.R. Conf. rep. No. 432,
105th Cong., 2d Sess. 150, 1998 WL 105466 (Mar. 10, 1998)……………...…………8

H.R. Rep. No. 104-469(I), at 111 (1996)……………………………………………5

This Court should grant Defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The regulation at 8 C.F.R. § 208.31(b) does not provide a private cause of action, is an internal and hortatory claims-processing regulation, and provides for an important discretionary exception not subject to review. Furthermore, even assuming this Court has jurisdiction, Plaintiffs failed to plead sufficient facts to support a claim for unreasonable delay under either the Administrative Procedure Act ("APA") or the Mandamus Act. Plaintiffs simply fail to meet their burden of establishing that this Court has jurisdiction to review their claim or that they have adequately pleaded a claim for relief. This Court should therefore grant Defendants' motion and dismiss Plaintiffs' Complaint.

## ARGUMENT

### I.      The agency has not violated 8 U.S.C. § 208.31(b).

Even assuming, but not conceding, that the regulation is mandatory and enforceable, the Court should dismiss Plaintiffs' complaint because they have failed to show that the agency violated 8 C.F.R. § 208.31(b). The regulation reads: "In the absence of exceptional circumstances, [reasonable fear] determination[s] will be conducted within 10 days of the referral." 8 C.F.R. § 208.31(b). In compliance with this regulation, the agency completes reasonable fear determinations within 10 days, or longer where exceptional circumstances exist. *See* Declaration of Elizabeth E. Mura Tbl. 1, 2 & 3 ("Mura Decl."). Indeed, the agency has a requirement to make and record a determination regarding whether exceptional circumstances exist in *every* adjudication that exceeds 10 days. *See* Mura Decl. Tbl. 2 (listing the reasons for delay). There is simply no basis to find a regulatory violation warranting relief.

### II.     The regulation is not mandatory because it contains an exception subject to the agency's discretion.

Citing *United States* ex rel. *Accardi v. Shaughnessy*, 347 U.S. 260 (1954), Plaintiffs argue that the agency is required to conduct reasonable fear determinations within 10 days. But Plaintiffs are reading out a critical exception: the 10-day time limitation is only applicable in the absence of exceptional circumstances. *Accardi* is meaningfully distinguishable in light of this exception. *Accardi* involved a failure of the agency to exercise its discretion, not "the manner in which discretion was exercised." *Id.* at 268. The regulation at issue in *Accardi* required the Board of Immigration Appeals "to exercise its own judgment when considering appeals." *Id.* at 266-67. However, the Attorney General sidestepped the Board and dictated his own decision in

petitioner's case.  *Id.*  The Court held that the petitioner was entitled to a new hearing before the Board, which was required to arrive at its decision by exercising its own independent discretion in accordance with the regulation.  *Id.* at 268.  In so finding, the Court clarified that "we are not here reviewing and reversing the manner in which discretion was exercised . . .  Rather, we object to the Board's alleged failure to exercise its own discretion, contrary to existing valid regulation." *Id.*

The court in *Dong v. Chertoff* likewise required the agency to exercise its discretion.  513 F. Supp. 2d 1158, 1169 (N.D. Cal. 2007).  There the agency failed to adjudicate plaintiff's adjustment of status application and did not follow specific procedural requirements provided by regulation regarding withholding action on applications.  *Id.*  The Court ordered the agency to adjudicate the application where there was no evidence that the agency was complying with the regulation's procedural requirements that would allow delay.  *Id.*

By contrast, in *Norton v. Southern Utah Wilderness Alliance*, the Supreme Court considered a statute requiring the Bureau of Land Management to manage protected areas "in a manner so as not to impair . . . preservation as wilderness."  542 U.S. 55, 65 (2004).  The plaintiffs argued that the agency violated the statute by permitting use of off-road vehicles, which was impairing preservation of the land.  *Id.* The Court rejected this claim, finding that the statute is "mandatory as to the object to be achieved, but it leaves [the agency] a great deal of discretion in deciding how to achieve it." *Id.* at 66.  In other words, the plaintiffs could prevail only if they showed that the "agency failed to take a *discrete* agency action that it is *required* to take."  *Id.* at 64 (emphasis in original).

The discrete action required is for USCIS to render reasonable fear determinations, not that those determinations must be conducted within 10 days in all circumstances.  *See infra* Parts VI-VII.  When to complete the determination, and by extension whether exceptional circumstances exist, are discretionary determinations requiring the agency to assess its resources and administrative capabilities.  *See* Mura Decl. at Tbl. 2 (listing reasons for delay of reasonable fear determinations:  attorney availability, not in custody, re-interview, remote location, medical/psychiatric condition, non-receipt of A-file, lack of resources, other).[1]  This is "a process

---

[1]      The Court may consider evidence outside the pleadings when reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(1).  *Savage v. Glendale Union High School*, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

fraught with variables over which [the agency] has little control," requiring USCIS to coordinate with other agencies and coordinate its resources as necessary. *See* Ex. A, Memorandum of Joseph E. Langlois, *Proposed Reasonable Fear Performance Goals*, at 1-2 (Sept. 28, 2011) ("Langlois Memorandum").  To require the agency to complete *all* reasonable fear determinations within 10 days, the Court would need to review and reverse the agency's discretionary determinations that exceptional circumstances exist.  But while the Court may compel agency action, it "has no power to specify what the action must be."  *See Norton*, 542 U.S. at 65, 66 ("The principal purpose of the APA limitations . . . is to protect agencies from undue judicial interference with their lawful discretion, and to avoid judicial entanglement in abstract policy disagreements which courts lack both expertise and information to resolve.").

The cases Plaintiffs cite applying *Accardi* do not have a comparable exception.  *See Dong*, 513 F. Supp. 2d at 1169 (regulatory procedure for withholding action contained no exception, such that the agency had "a non-discretionary duty to comply with [the regulation] in order to withhold adjudication"); *Service v. Dulles*, 354 U.S. 363, 384-86 (1957) (stating that agency is precluded by regulation without exception from dismissing employee once the Deputy Under Secretary affirmed the Loyalty Security Board's ruling in favor of the employee); *United States v. Morgan*, 193 F.3d 252, 266 (4th Cir. 1999) (regulation required BOP to appoint staff representative with sufficient education and experience); *Int'l Labor Mgmt. Corp. v. Perez*, 2014 WL 1668131 (M.D.N.C. April 25, 2014) ("deadlines detailed in the regulations are non-discretionary" where the regulation required agency to respond within seven days, without exception).  This distinction is critical because the exception provides the agency with discretion regarding when to complete reasonable fear determinations—precluding a cause of action to compel enforcement within 10 days.  Put differently, *Accardi* is inapplicable because Plaintiffs have not shown that the agency violated 8 C.F.R. § 208.31(b).  Instead, they challenge the agency's discretionary exceptional circumstances determinations.  *See Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007) (finding no *Accardi* violation where the "district court did not find that the BOP had failed to provide any required process, but rather that in applying the process the BOP came to the wrong conclusion and abused its discretion").

**III    The regulation is not mandatory where it was not created to confer procedural benefits.**

Plaintiffs argue that although the regulation at issue does not expressly require action within a particular time-period or specify a consequence for noncompliance, the 10-day time

3

limitation is mandatory and enforceable because it "confers important procedural benefits on Class Members." Pls.' Res. at 6. Specifically, Plaintiffs argue that the regulation was enacted to implement the Convention Against Torture ("CAT"), "which plainly was established to provide protections to those who fear torture." *Id.* While the general reasonable fear regulations were created to implement the CAT, as well as the withholding of removal provision at 8 U.S.C. 1231(b)(3), and protect those who fear persecution or torture, subsection (b) of the regulation *specifically* was not promulgated for such purpose. Rather, subsection (b) is akin to an internal claims-processing rule intended to assist the agency, not to benefit Plaintiffs. *See Henderson* ex rel. *Henderson v. Shinseki*, 131 S.Ct. 1197, 1203 (2011) (defining claims-processing rules as "rules that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times"). Subsection (b) provides the mechanism by which the agencies communicate with each other to initiate the reasonable fear process. More specifically, subsection (b) provides when a reasonable fear referral must occur. 8 C.F.R. § 208.31(b) ("Upon issuance of a Final Administrative Removal Order under § 238.1 of this chapter, or notice under § 241.8(b) of this chapter that an alien is subject to removal, an alien . . . shall be referred to an asylum officer for a reasonable fear determination.").

By contrast, subsection (c) of the same regulation lays out the procedural protections owed to the applicants. Among other procedural protections, subsection (c) specifies that the interview must be "non-adversarial"; that the applicant "may be represented by counsel" and "may present evidence . . . or a statement"; and that the asylum officer "shall arrange for the assistance of an interpreter", "create a summary of the material facts" and "review the summary with the alien." *See* 64 Fed. Reg. at 8,485 (reasonable fear regulations "intended to provide for the fair resolution of claims . . . without unduly disrupting the operation of these special administrative removal processes"). When read together, it becomes clear that subsection (b) is an internal claims-processing rule while subsection (c) confers important procedural rights.

In addition, there is no support for Plaintiffs' assertion that the agency created 8 C.F.R. § 208.31(b) to protect against prolonged detention. Pls.' Resp. at 6. Plaintiffs cannot cite to any part of the regulation's supplementary information published by the agency in the Federal Register that shows that subsection (b), or the streamlined process generally, was meant to protect against prolonged detention. Also, the plain language of the regulation contemplates

instances where adjudication would not be completed in 10 days, without mention of detention. *See generally* 8 C.F.R. § 208.31.

If any doubt remains, the supplementary information to the regulation indicates that the reasonable fear determination process is streamlined to discourage frivolous asylum claims. *See* Regulations Concerning the Convention Against Torture, 64 Fed. Reg. 8,478, 8,479 ("[W]e have created mechanisms to *quickly* identify and resolve frivolous claims to protection so that the new procedures cannot be used as a delaying tactic by aliens who are not in fact at risk.") (emphasis added). Moreover, the aspirational timely process was intended to maintain the streamlined process of reinstatement proceedings and administrative removal. *Id.* ("Modeled on the credible fear screening mechanism, this screening process will also allow for the fair and expeditious resolution of such claims *without unduly disrupting the streamlined removal processes applicable to these aliens*.") (emphasis added); *see Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 494 (9th Cir. 2007) ("Congress' ambitious purpose behind IIRIRA was to 'enable the prompt admission of those who are entitled to be admitted, the prompt exclusion or removal of those who are not so entitled, and the clear distinction between these categories.'") (citing H.R. Rep. No. 104-469(I), at 111 (1996)).

Plaintiffs have not pointed to agency intent to show that 8 C.F.R. § 208.31(b) was created to confer procedural benefits. *See Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 538-39 (1970) (considering Commission's Policy Release to find that the rules were not intended "to confer important procedural benefits upon individuals."); *Morton v. Ruiz*, 415 U.S. 199, 235-36 (1974) (considering congressional intent to find invalid the agency's failure to comply with its rule that it publish all directives that "inform the public of privileges and benefits available"); *cf. French v. Edwards*, 80 U.S. 506 (1871) (considering the "different statutes of California upon this subject," to determine legislature intent behind the provision in question); *Giddings v. Chandler*, 979 F.2d 1104, 1110 (5th Cir. 1992) (relying on congressional intent to find no cause of action). Here, the agency's regulation shows a contrary agency intent: to discourage frivolous claims and to minimize the impact on reinstatement and administrative removal proceedings – not to confer benefits upon individuals. Therefore, the agency is "entitled to a measure of discretion in administering its own procedural rules." *Am. Farm Lines*, 397 U.S. at 538-39.

5

**IV.    To the extent Plaintiffs request sanctions, they are precluded where the regulation neither requires action within a particular time-period nor specifies a consequence.**

Plaintiffs seek relief in the form of mandamus relief.  *See* Compl. ¶¶ 71-79.  However, assuming (without conceding) that Plaintiffs' articulated a plausible claim for relief, *see infra* Part VII, mandamus relief is limited to an order compelling agency action.  *See Norton*, 542 U.S. at 65 ("Thus, when an agency is compelled by law to act within a certain time period, but the manner of its action is left to the agency's discretion, a court can compel the agency to act, but has no power to specify what the action must be.").  Any other form of relief would be inconsistent with mandamus relief.

Plaintiffs' claim that they are simply seeking compliance, not sanctions, is unsupported. In their Complaint, Plaintiffs request that the Court order "the Government to complete all of Plaintiffs' and class members' reasonable fear determinations within 10 days of referral to USCIS."  Compl. at 16.  Plaintiffs further request that the Court grant "such other relief as the Court deems just and equitable."  *Id.*  Read together, Plaintiffs are requesting "other relief" – which potentially includes a wide range of sanctions, such as immediate release from detention, custody redeterminations, or hearings before immigration judges – where the Government is unable to blindly comply with the general 10-day time limitation.

For instance, it is not possible for the Government to complete Plaintiffs' reasonable fear determinations within 10 days as the 10 days have already elapsed in their cases.  Further, Plaintiffs' request that the Government complete all future class members' reasonable fear determinations within 10 days ignores the text of the regulation, which provides that adjudication within 10 days is only required in "the absence of exceptional circumstances."  8 C.F.R. § 208.31(b).  Blind compliance with the 10-day time limitation is not required under the plain language of the regulation.  Plaintiffs' request, which ignores the exceptional circumstances provision, would result in noncompliance with the 10-day time limitation in many cases in light of practical concerns.  *See* Mura Decl. Tbl. 2 (listing reasons for delay of reasonable fear determinations:  attorney availability, not in custody, re-interview, remote location, medical/psychiatric condition, non-receipt of A-file, lack of resources, other).  In such potentially frequent instances of noncompliance with the strict 10-day time limitation, Plaintiffs request "other relief," including possible sanctions.  Therefore, to the extent that Plaintiffs seek

sanctions, the line of cases finding noncompliance with statutory and regulatory deadlines unsanctionable are indeed relevant.[2]  As previously argued, noncompliance is unsanctionable here where the regulation neither expressly requires the agency to act within a particular time period, nor specifies a consequence for failure to comply with the regulation.  Therefore, to the extent Plaintiffs request sanctions, they are precluded.

**V.     Plaintiffs have no private right of action.**

Plaintiffs argue that the claim preclusion provisions in 8 U.S.C. §§ 1228(a)(1) and 1231(h)[3] are inapplicable because they relate to administrative removal, and reinstatement proceedings, respectively, while the regulation at issue implements CAT.  Pls.' Resp. at 13.  But 8 C.F.R. § 208.31 implements CAT and the withholding of removal provision at 8 U.S.C. 1231(b)(3) only insofar as they relate to the administrative removal and reinstatement provisions by creating a CAT and withholding screening procedure for individuals in these streamlined proceedings.  *See* 64 Fed. Reg. at 8,485 ("Section 208.31 creates a new screening process to evaluate torture claims for aliens subject to streamlined administrative removal processes for aggravated felons under section 238(b) of the Act and for aliens subject to reinstatement of a previous removal order under section 241(a)(5) of the Act.").  Because the regulation maintains the streamlined processes under 8 U.S.C. §§ 1231(a)(5) (reinstatement) and 1231(b) (administrative removal) while also implementing CAT and the withholding provision, the claim preclusion provisions under 8 U.S.C. §§ 1228(a)(1) and 1231(h) are applicable.

---

[2]      *See Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 162 (2003)*; Brock v. Pierce County*, 476 U.S. 253, 259 (1986) (A statutory or regulatory time limitation is not mandatory unless it both 1) "expressly requires an agency or public official to act within a particular time period" and 2) "specifies a consequence for failure to comply with the provision."); *United States v. James Daniel Good Real Property*, 510 U.S. 43, 63 (1993) ("If a statute does not specify a consequence for noncompliance with statutory timing provisions, the federal courts will not in the ordinary course impose their own coercive sanction."); *United States v. Montalvo-Murillo*, 495 U.S. 711, 711-12 (1990) ("There is no presumption or rule that for every mandatory duty imposed upon the . . . Government . . . there must exist some corollary punitive sanction for departures or omissions, even if negligent."); *Hendrickson v. FDIC*, 113 F.3d 98, 102 (7th Cir. 1997) ("absent a clear indication to the contrary, regulatory deadlines, like statutory deadlines, provide no remedy for their own violation.").

[3]      These statutory provisions read: "[n]othing in in this section shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person."  8 U.S.C. §§ 1228(a)(1), 1231(h).

In any event, Plaintiffs do not have a cause of action even if the regulation only implements CAT. Congress implemented CAT through the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Pub. L. No. 105-277, § 2242, 112 Stat. 2681, 2681-822. Section 2242(b) ordered the "appropriate agencies . . . to implement the obligations of the United States under Article 3 of" CAT. Moreover, FARRA § 2242(d) precludes judicial review of claims challenging the regulations implementing CAT or of claims raised under CAT except as part of review of a final order of removal.[4] *Hamoui v. Ashcroft*, 389 F.3d 821 (9th Cir. 2004) (recognizing that under FARRA § 2242(d), the court "may review claims under [CAT] only as part of review of a final order of removal"); H.R. Conf. Rep. No. 432, 105th Cong., 2d Sess. 150, 1998 WL 105466 (Mar. 10, 1998) ("The provision agreed to by the conferees does not permit for judicial review of the regulations . . . or of most claims under the Convention). Thus, 8 C.F.R. § 208.31(b), even if only implementing CAT, does not create a right of action where Congress intended to bar such claims outside of the petition-for-review context.

In short, the reasonable fear regulations, whether relating to reinstatement or administrative removal proceedings, or implementing CAT, do not create a cause of action under both statutory and regulatory provisions. 8 U.S.C. §§ 1228(a)(1), 1231(h); FARRA § 2242(d).

## VI.   The "exceptional circumstances" exception is discretionary.

Plaintiffs have not established that the Court has jurisdiction to review whether exceptional circumstances exist because they failed to point to a discernible legal standard by which to measure whether exceptional circumstances are present. While Plaintiffs' response claims that the "exceptional circumstances" determination is not discretionary, *see* Pls.' Resp. 14-18, their argument fails to point to any discernible standard by which to measure the agency's discretion. *See Heckler v. Chaney*, 470 U.S. 821, 830 (1985) (stating that courts cannot review discretionary determinations for which no "judicially manageable standards are available").[5] In

---

[4]      FARRA § 2242(d) ("no court shall have jurisdiction to review the regulations adopted to implement this section, and nothing in this section shall be construed as providing any court jurisdiction to consider or review claims raised under the Convention or this section, or any other determination made with respect to the application of policy set forth in subsection (a), except as part of the review of a final order of removal . . . .")

[5]      Plaintiffs' argument that *Heckler* is inapplicable because the specific holding of that case relates to review of prosecutorial discretion is unavailing. Pls.' Resp. 15-16. Defendants rely on the general holding of the case: that the APA does not provide review of agency discretionary

8

fact, neither the statute nor the regulations provide any guidance as to what constitutes "exceptional circumstances" – let alone one that would provide legal standards to measure agency determination.  *See* 8 C.F.R. § 208.31(b); *Lincoln v. Vigil*, 508 U.S. 182, 191 (1993) (refusing to review agency decision where statute is "drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion").  Such an interpretation is reinforced by the regulation's explanatory comments, which do not explain, define, or contemplate what is to be considered an "exceptional circumstance."  64 Fed. Reg. at 8,485.

Contrary to Plaintiffs' position, USCIS has made determinations that exceptional circumstances are present.  In fact, the agency has a requirement to record reasons justifying why each individual case is not adjudicated within 10 days and the agency itself has stated that exceptional circumstances justify any adjudication period of more than 10 days.  *See* Mura Decl. Tbl. 2 (documenting reasons why reasonable fear determinations are adjudicated more than 10 days after referral), Lafferty Decl. ¶¶ 8-28 (discussing exceptional circumstances USCIS faces).[6] Plaintiffs' contention that the agency has not made reasonable fear determinations is simply unavailing.

Plaintiffs' reliance on *Husyev* and related cases to argue that the exceptional circumstances determination is reviewable also fails.  Plaintiffs do not rely on *Husyev* to point at the standard by which this Court can measure the agency's determination.  *See Heckler*, 470 U.S. at 830; *Lincoln*, 508 U.S. at 191.  *Husyev* involved 8 U.S.C. § 1158(a)(2)(D), a statutory provision that allows asylum applicants to file untimely asylum applications if there are "extraordinary circumstances" justifying the delay.  *See Husyev v. Mukasey*, 528 F.3d 1172 (9th

---

determinations.  *Heckler*, 470 U.S. at 830.  *Heckler*'s holding is not limited to prosecutorial discretion decisions, as it has been applied to bar review of multiple types of discretionary agency determinations.  *See Lincoln v. Vigil*, 508 U.S. 182, 191-92 (summarizing cases).

[6]      Contrary to Plaintiffs' suggestion, Pls.' Mot. 15, Defendants have in fact determined that exceptional circumstances are present.  *See generally* Lafferty Decl.  It does not matter that USCIS has not made a formal finding that exceptional circumstances are present because no part of the statute or regulation requires the agency to make such a formal determination, and Plaintiffs have not pointed to any law requiring a formal finding.  *Cf. Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 417-18 (1971) (stating that absence of a formal agency determination does not require remand to agency).

9

Cir. 2008).  The implementing regulation at 8 C.F.R. § 208.4(a)(5) provides a non-exhaustive list of factors as to what constitutes an extraordinary circumstance.  *Husyev*, 528 F.3d at 1180-81. The court held that a determination under the statutory provision regarding "extraordinary circumstances" at 8 U.S.C. § 1158(a)(2)(D) was reviewable under the APA because "these regulations provide standards sufficient to permit meaningful judicial review."  *Id.* at 1181. Specifically, the court pointed to the standards, factors, and considerations provided for in the interpreting regulations and explanatory comments as providing a meaningful standard by which to measure the agency's discretion.  *Id.*; *see also Taslimi v. Holder*, 590 F.3d 981, 985-86 (9th Cir. 2010) (discussing *Husyev*).

Contrary to the statutory provision at issue in *Husyev*, neither the statute nor regulations define what is an exceptional circumstance under 8 C.F.R. § 208.31(b).  The explanatory comments make no mention as to what amounts to an exceptional circumstance under 8 C.F.R. § 208.31(b).[7]  *See* 64 Fed. Reg. at 8,485.  Even more, the exceptional circumstances provision at 8 C.F.R. § 208.31(b) is distinguishable from the provision at 8 U.S.C. § 1158(a)(2)(D) because they address different situations.  By its language, the statutory provision at 8 U.S.C. § 1158(a)(2)(D) addresses extraordinary circumstances *relating to the alien* that prevent the alien from timely filing his or her individual application.  On the other hand, the regulation at 8 C.F.R. § 208.31(b), *related to the agency's processing timeframe*, does not contain any language limiting exceptional circumstances to only those faced by the alien, and thus includes those faced by the agency.  This belies any argument by Plaintiffs that exceptional circumstances at 8 C.F.R. § 208.31(b) are limited solely to those that relate to the alien, demonstrating that *Husyev* is therefore inapplicable.[8]

---

[7]     If this Court were to conclude that, as a matter of law, the exceptional circumstances at 8 C.F.R. § 208.31(b) contemplate only circumstances relating to the alien, this would have implications as to Defendants' defenses in this litigation.  Defendants would therefore be left in a position where they must present an individualized defense against each putative class member. This would advise against certification of the putative class.  *See* Fed. R. Civ. P. 23(b)(2); *Wal-Mart v. Dukes*, 131 S. Ct. 2541, 2557-61 (2011) (denying class certification where employer must present different defenses against each putative class member).

[8]     The government agrees with the courts of appeal have rejected the Ninth Circuit's approach in *Husyev* and have found that a determination of whether extraordinary circumstances exist to serve as an exception is a discretionary determination not subject to judicial review, and preserves its position on the issue.  *See, e.g.*, *Zhu v. Gonzalez*, 493 F.3d 588, 596 n.31 (5th Cir.

Lastly, regardless of whether the exceptional circumstances determination is made on an individual basis or not, the determination continues to be discretionary.  For example, in *Heckler*, the Food and Drug Administration ("FDA") refused to exercise discretion in cases involving unapproved use of drugs for capital punishment.  *Heckler*, 470 U.S. at 824-25.  The FDA's discretionary decision was categorically applicable to multiple individuals, not a decision that it had to make as to each individual seeking enforcement.  *See id.*  Plaintiffs' contention that *Heckler* requires an individualized determination is contrary to the facts and holding of that case.

Plaintiffs have simply failed to point this Court to any standard by which to measure USCIS's discretion in determining whether exceptional circumstances exist.  While they argue that the standard is not discretionary, Plaintiffs fail to point or even suggest how to measure that standard.  This Court should therefore dismiss Plaintiffs' complaint for lack of subject matter jurisdiction.

**VII.    Plaintiffs failed to state a claim upon which relief may be granted.**

Lastly, assuming that this Court has jurisdiction to review a claim relating to 8 C.F.R. § 208.31(b), Plaintiffs failed to state a claim upon which relief may be granted.[9]  The sole theory that Plaintiffs advance is that the government's delay is unreasonable only because the government takes more than 10 days to render a reasonable fear determination.  *See* Compl. ¶¶ 71-79.  However, Plaintiffs ignore that the regulation contemplates that reasonable fear determinations can be rendered after 10 days have elapsed when exceptional circumstances are present.  8 C.F.R. § 208.31(b).  Plaintiffs' Complaint not only fails to acknowledge that

---

2007); *Viracacha v. Mukasey*, 518 F.3d 511, 515-16 (7th Cir. 2008); *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 154-55 (2d Cir. 2006); *see also Ramadan v. Keisler*, 504 F.3d 973, 975 (9th Cir.2007) (O'Scannlain, J., dissenting from rehearing *en banc*) (collecting cases).  This is an important circuit split.  If this Court determines that "exceptional circumstances" under 8 C.F.R. § 208.31 is a reviewable determination, it would affect cases involving putative class members in other circuits where the applicable law is contrary to that of the Ninth Circuit.  Thus, this fact should weigh against certification of a nationwide class and in favor of certifying a class with a limited geographic scope.  *Cf. Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096, 1099-1104 (C.D. Cal. 2012) (declining to certify a nationwide class where conflicting laws of multiple jurisdictions were in potential conflict).

[9]    Contrary to Plaintiffs' claim, Defendants do not concede that this Court has jurisdiction to review Plaintiffs' claims.  *See* Pls.' Resp. 17.  In fact, Defendants are free to allege inconsistent defenses.  Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

reasonable fear determinations may take more than 10 days, but also makes insufficient allegations to establish that the delays are unreasonable.  *See generally* Compl.  Plaintiffs' failure to plead any facts or law as to USCIS's alleged unreasonable delay is fatal to their Complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-80 (2009).

The Supreme Court has held that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Conclusory legal assertions in a complaint are not entitled to a presumption of truth.  *Id.* at 678-79; *see also id.* at 681 (rejecting granting presumption of truth to formulaic and conclusory recitations of legal elements of relief sought).  Given that Plaintiffs' claim is one of unreasonable delay under the APA, Plaintiffs must therefore plead sufficient facts to establish that the period that USCIS has taken in rendering reasonable fear determinations is unreasonable as a matter of law.  *See id.* at 678.  This Court considers the factors articulated in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 80 (D.D.C. 1984) ("*TRAC* factors").  *See Brower v. Evans*, 257 F.3d 1058, 1068-69 (9th Cir. 2001).  Plaintiffs have failed to do so.

Plaintiffs' Complaint fails to state a claim for relief because it does not adequately allege a claim of unreasonable delay under the APA.  First, Plaintiffs' complaint is based on the erroneous legal premise that 8 C.F.R. § 208.31(b) requires, without exception, a reasonable fear determination within 10 days.  *See* Compl. ¶ 73-75.  Plaintiffs ignore the language of the regulation that clearly states that USCIS does not need to render reasonable fear determinations within 10 days when "exceptional circumstances" are present.  8 C.F.R. § 208.31(b).  Additionally, Plaintiffs' Complaint fails to plead any fact whatsoever explaining why "exceptional circumstances" are inapplicable.  *See generally* Compl.  Plaintiffs even concede that they did not plead any facts relating to exceptional circumstances.  Pls.' Resp. 1 (conceding that exceptional circumstances was not pleaded in the complaint); *id.* at 14-15 ("The complaint does not contain any allegations of 'exceptional circumstances' . . . .").  Even assuming, without conceding, Plaintiffs' position that exceptional circumstances applies only to circumstances faced by the alien and not the government, Plaintiffs pleaded no facts alleging that the USCIS's processing timeframe as to their reasonable fear determinations was unreasonable.  Instead, all that Plaintiffs allege is that USCIS's timeframe is unreasonable because it is more than 10 days.

*See* Compl. ¶¶ 75.  This sole allegation – one based on an erroneous legal premise – simply does not adequately plead a plausible claim for relief.

Second, Plaintiffs' Complaint fails to make any allegation that the adjudication timeframe is unreasonable.  While an unreasonable delay claim is measured under the *TRAC* factors, *see Brower*, 257 F.3d at 1068-69, Plaintiffs' Complaint fails to allege a cause of action under the *TRAC* factors, the applicable law to review a claim of delay under the APA, let alone any facts that support a claim for unreasonable delay.  As Defendants presented in their motion to dismiss, Plaintiffs pleaded no facts in their complaint that would support a claim that the *TRAC* factors entitle them to relief; there are many facts relating to the agency delay that demonstrate that Plaintiffs' pleaded timeframe for adjudication is reasonable under the APA.  Defs.' Mot. 13-17; *see also* Mura Decl.; Lafferty Decl.

Plaintiffs' allegation that USCIS takes more than 10 days to adjudicate reasonable fear determinations, Compl. ¶¶ 24-30, does not allege why this adjudication period is unreasonable. In fact, Plaintiffs cite to the Langlois Memorandum and allege that USCIS has implemented goals to reduce the adjudication periods – a fact that weighs against a conclusion that USCIS's timeframe constitutes an unreasonable delay.  *See* Compl. ¶ 26; Langolis Memorandum, at 1-2 (discussing performance goals to reduce reasonable fear adjudications period).  Even more, these timeframes are "fraught with variables over which the Asylum Office has little control" such as remoteness of detention facilities, availability of interview space, and reliance on interpreters. Langlois Memorandum, at 2; *see also* Lafferty Decl. ¶¶ 32-59.  Also, while Plaintiffs make allegations that the delays have harmed them, this fact is insufficient to plead a case under the *TRAC* factors that the agency's timeframe is unreasonable.  Compl. ¶ 32-59.  Even assuming that Plaintiffs' claim of harm relates to the factors relating to health and human welfare, *Kashkool v. Chertoff*, 553 F. Supp. 2d 1131, 1145 (D. Ariz. 2008), that single allegation is insufficient to plead a plausible claim for relief under the APA because Plaintiffs with a final administrative removal order or with a reinstated removal order are subject to detention, and there is also an interest in avoiding erroneous reasonable fear adjudication.[10]  *See Iqbal*, 556 U.S. at 680-81 (rejecting conclusory assertions as not entitled to presumption of truth).

---

[10]     Even assuming, without conceding, that Plaintiffs' claim of harm adequately pleads facts to support a claim for relief under the *TRAC* factors, Plaintiffs still do not state a plausible claim for relief.  Plaintiffs would be subject to detention based on their final administrative removal

Beyond those pleaded allegations, Plaintiffs pleaded no facts in their Complaint supporting a conclusion that the "rule of reason" factor weighs in their favor.  *See generally* Compl.  Plaintiffs also pleaded no facts supporting a conclusion that the statutory scheme favors their claim, nor can they since Congress has not imposed a timeframe on USCIS to adjudicate reasonable fear determinations.  *See id.*  Plaintiffs pleaded no facts to support finding that the factor regarding expediting agency action weighs in their favor, nor can they given that the agency is in a "unique – and authoritative – position" to consider its allocation of resources, and shifting of resources would seriously hinder other USCIS operations.  *See Mashpee Wampanoag Tribal Council v. Norton*, 336 F.3d 1094, 1101 (D.D.C. 2003); Langlois Memorandum (instructing Asylum Office to reduce reasonable fear delays); Lafferty Decl. ¶¶ 3, 9, 31 (discussing resources).  Plaintiffs also failed to plead any facts showing any impropriety or bad faith behind the adjudication timeframe, nor can they when they alleged that USCIS has implemented goals to reduce the adjudications timeframe-e.  *See* Compl. ¶ 26 (citing Langlois Memorandum).  Plaintiffs simply have failed to state a claim for which relief may be granted. Therefore, this Court should grant Defendants' motion under Rule 12(b)(6) and dismiss Plaintiffs' complaint.[11]

---

orders or their reinstated removal orders.  *See* 8 U.S.C. § 1231(a)(2); *Santos v. Sabol*, 2014 WL 2532491, at *3-6 (M.D. Pa. 2014).

[11]    Even if some of Defendants' exhibits cannot be considered in a Rule 12(b)(6) motion, that does not affect Defendants' argument that Plaintiff failed to plead sufficient facts to show that the USCIS's adjudication timeframe is unreasonable as a matter of law.  *See Iqbal*, 556 U.S. at 677-80.  Should the Court not dismiss this complaint, the Court may convert this motion to one for summary judgment.

**CONCLUSION**

Plaintiffs' Complaint should be dismissed because 8 C.F.R. § 208.31(b) does not create a mandatory 10-day timeframe, nor an enforceable right to adjudication within 10 days. Furthermore, the agency's discretionary determination that exceptional circumstances are present is not subject to judicial review.  Lastly, Plaintiffs failed to plead sufficient facts to show that they are entitled to relief as a matter of law.  This Court should therefore grant Defendants' motion to dismiss.

DATED:  September 5, 2014                    Respectfully submitted.

STUART F. DELERY
Assistant Attorney General
Civil Division

WILLIAM PEACHEY
Director, District Court Section
Office of Immigration Litigation

ELIZABETH STEVENS
Assistant Director, District Court Section
Office of Immigration Litigation

/s/ Victor M. Mercado-Santana
VICTOR M. MERCADO-SANTANA
Trial Attorney
Civil Division, Office of Immigration Litigation
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Telephone:  (202) 305-7001
Facsimile:  (202) 616 -8962
victor.m.mercado-santana@usdoj.gov

ERIK QUIK
Trial Attorney

REBEKAH NAHAS
Trial Attorney

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I certify that all participants are CM/ECF users and that service will be accomplished by the CM/ECF system.


Dated:  July 14, 2014                    Respectfully submitted.

                                         /s/ Victor M. Mercado-Santana
                                         VICTOR M. MERCADO-SANTANA
                                         Trial Attorney
                                         Civil Division, Office of Immigration Litigation
                                         United States Department of Justice
                                         P.O. Box 868, Ben Franklin Station
                                         Washington, DC  20044
                                         Telephone:  (202) 305-7001
                                         Facsimile:  (202) 616 -8962
                                         victor.m.mercado-santana@usdoj.gov

                                         *Counsel for Defendants*