JOYCE BRANDA
Acting Assistant Attorney General
WILLIAM PEACHEY
Director, District Court Section
Office of Immigration Litigation
ELIZABETH STEVENS
Assistant Director, District Court Section
VICTOR M. MERCADO-SANTANA (Pa. 312116)
Trial Attorney
Civil Division, Office of Immigration Litigation
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-7001
Facsimile: (202) 616-8962
E-mail: victor.m.mercado-santana@usdoj.gov
*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| MARCO ANTONIO ALFARO GARCIA, CREDY MADRID CALDERON, GUSTAVO ORTEGA, and CLAUDIA RODRIGUEZ DE LA TORRE, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>JEH JOHNSON, Secretary of Homeland Security, LEON RODRIGUEZ, Director of U.S. Citizenship and Immigration Services, and JOSEPH LANGLOIS, Associate Director of Refugee, Asylum and International Operations,<br><br>*Defendants*. | Case No. 4:14-cv-1775-YGR<br><br>**ANSWER**<br><br>Hon. Yvonne Gonzalez Rogers |

1

Defendants, by and through undersigned counsel, answer Plaintiffs' Complaint on information and belief as follows:

**JURISDICTION AND VENUE**

1. This paragraph is a statement of the case for which no response is required.

2. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendants aver that jurisdiction exists under 28 U.S.C. § 1331 with a cause of action under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and 28 U.S.C. § 1361.

3. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction over Defendants.

4. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendants admit venue is proper in this Court.

**PRELIMINARY STATEMENT**

5. This paragraph asserts a statement of the case and conclusions of law to which no response is required.

6. This paragraph asserts a statement of the case and conclusions of law to which no response is required.

7. This paragraph asserts a statement of the case and conclusions of law to which no response is required, although Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.

8. This paragraph asserts a statement of the case and conclusions of law to which no response is required, although Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.

**PARTIES**

9. Defendants admit the first sentence. Defendants admit the second sentence and further aver that Plaintiff Alfaro was released on or about July 16, 2014. Defendants admit the third sentence, but deny the characterization of Alfaro's claim as "prompt." Defendants deny all remaining allegations.

10. Defendants admit the first sentence. Defendants deny the second sentence and aver that Plaintiff Calderon was first detained by Customs and Border Protection on or about March 7, 2014, transferred to Immigration and Customs Enforcement ("ICE") custody on or about March 23, 2014, and released from custody on or about August 6, 2014. Defendants admit the third sentence of this paragraph and deny the last sentence of the paragraph.

11. Defendants admit the first three sentences of this paragraph and deny the last sentence of this paragraph.

12. Defendants admit the first three sentences of this paragraph and deny the last sentence of this paragraph.

13. No response is required. Plaintiff Bardalez is no longer a party to this suit. She voluntarily dismissed her claims on December 5, 2014. *See* Notice of Voluntary Dismissal, Doc. No. 72.

14. Admit.

15. Defendants aver that Lori Scialabba is no longer the Acting Director of United States Citizenship and Immigration Services ("USCIS"), and aver that Leon Rodriguez is now the Director of USCIS. Otherwise, Defendants admit this paragraph.

16. Admit.

## STATEMENT OF FACTS

17. This paragraph contains characterizations of the case and conclusions of law to which no response is required. To the extent a response is required, Defendants aver that Congress requires that any alien who reenters without permission after having been removed from the United States is subject to reinstatement of the prior order of removal. Defendants deny all remaining allegations of this paragraph because they characterize and make broad generalizations of the immigration procedures and alien claims.

18. This paragraph contains characterizations of the case and conclusions of law to which no response is required. To the extent a response is required, Defendants admit the allegations in this paragraph.

19. This paragraph contains characterizations of the case and conclusions of law to which no response is required. To the extent a response is required, Defendants aver that the cited legal authorities speak for themselves, and deny Plaintiffs' characterizations and interpretations.

20. This paragraph contains characterizations of the case and conclusions of law to which no response is required. To the extent a response is required, Defendants aver that the cited legal authority speaks for itself, and deny Plaintiffs' characterizations and interpretations.

21. This paragraph contains characterizations of the case and conclusions of law to which no response is required. To the extent a response is required, Defendants aver that the

cited legal authorities speak for themselves, and deny Plaintiffs' characterization and interpretation.

22.     This paragraph contains characterizations of the case and conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the cited legal authorities speak for themselves, and deny Plaintiffs' characterization and interpretation.

23.     Defendants admit the first sentence.  Defendants deny the second sentence, and aver that detention is subject to the discretion of ICE.

24.     This paragraph contains characterizations of the case and conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that the cited legal authorities speak for themselves, and deny Plaintiffs' characterization and interpretation.

25.     Deny.

26.     Defendants deny that USCIS has "simply ignore[d] the mandated 10 days for reasonable fear determinations" but admit the remaining allegations in this paragraph.

27.     Deny.

28.     Defendants admit that USCIS does not generally complete reasonable fear determinations within 10 days of referral.  Defendants deny and object to Plaintiff's characterizations of Defendants' actions as "routine."

29.     Defendants admit that reasonable fear determinations can take several weeks to months to complete. Defendants lack information on the sources relied upon for the specific allegations made in this paragraph, and therefore deny all remaining allegations.

30. This paragraph contains characterizations of the case and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

31. Defendants lack information sufficient to admit or deny these allegations, and therefore deny.

32. Defendants admit that Alfaro is a citizen of El Salvador but lack sufficient information to admit or deny his residency, and therefore deny.

33. Defendants lack sufficient information to admit or deny this allegation, and therefore deny.

34. Defendants admit the first sentence. Defendants lack sufficient information to admit or deny the remaining allegations, and therefore deny.

35. Defendants lack sufficient information to admit or deny this allegation, and therefore deny.

36. Defendants admit the first sentence. Defendants lack sufficient information to admit or deny the remaining allegations, and therefore deny.

37. Defendants admit the first three sentences of this paragraph. Defendants aver that Plaintiff Alfaro received a reasonable fear determination. Defendants lack sufficient information to admit or deny the remaining allegations, and therefore deny.

38. Defendants lack sufficient information to admit or deny this allegation, and therefore deny.

39. Defendants admit that Plaintiff Calderon is a citizen of Honduras. Defendants lack sufficient information to admit or deny the remaining allegations, and therefore deny.

40. Defendants lack sufficient information to admit or deny this allegation, and therefore deny.

41. Defendants admit the first and third sentences of this paragraph. Defendants lack sufficient information to admit or deny the second sentence, and therefore deny.

42. Defendants lack sufficient information to admit or deny this allegation, and therefore deny.

43. Defendants admit the first sentence. Defendants lack sufficient information to admit or deny the second sentence, and therefore deny. Defendants admit the third and fourth sentences. Defendants admit that, at the time Plaintiffs' Complaint was filed, Plaintiff Calderon had not received a reasonable fear determination, but deny that he still has not received a determination.

44. Defendants deny that Plaintiff Calderon remains detained, but otherwise admit the rest of the first sentence. Defendants lack sufficient information to admit or deny the second sentence, and therefore deny.

45. Defendants admit Plaintiff Ortega is a citizen of Mexico. Defendants lack sufficient information to admit or deny the remaining allegations, and therefore deny.

46. Defendants admit the first and third sentences. Defendants lack sufficient information to admit or deny the second sentence, and therefore deny.

47. Defendants deny that Plaintiff Ortega remains detained, but otherwise admit the rest of the first sentence. Defendants admit the second sentence. Defendants lack sufficient information to admit or deny the remaining allegations, and therefore deny.

48.     Defendants admit the first sentence.  Defendants admit that at the time Plaintiffs' Complaint was filed, Plaintiff Ortega had not received a reasonable fear determination, but deny that he still has not received a determination.

49.     Defendants admit that Plaintiff Rodriguez is a citizen of Mexico.  Defendants lack sufficient information to admit or deny the remaining allegations, and therefore deny.

50.     Defendants admit the first sentence of this paragraph.  Defendants lack sufficient information to admit or deny the second sentence, and therefore deny this sentence.  Defendants admit the remaining allegations in this paragraph.

51.     Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny.

52.     Defendants admit the first sentence.  Defendants deny the second sentence.

53.     Defendants lack sufficient information to admit or deny the allegations in this paragraph, and therefore deny.

54.     No response is required.  Plaintiff Bardalez is no longer a party to this suit.  She voluntarily dismissed her claims on December 5, 2014.  *See* Notice of Voluntary Dismissal, Doc. No. 72.

55.     No response is required.  Plaintiff Bardalez is no longer a party to this suit.  She voluntarily dismissed her claims on December 5, 2014.  *See* Notice of Voluntary Dismissal, Doc. No. 72.

56.     No response is required.  Plaintiff Bardalez is no longer a party to this suit.  She voluntarily dismissed her claims on December 5, 2014.  *See* Notice of Voluntary Dismissal, Doc. No. 72.

57. No response is required. Plaintiff Bardalez is no longer a party to this suit. She voluntarily dismissed her claims on December 5, 2014. *See* Notice of Voluntary Dismissal, Doc. No. 72.

58. No response is required. Plaintiff Bardalez is no longer a party to this suit. She voluntarily dismissed her claims on December 5, 2014. *See* Notice of Voluntary Dismissal, Doc. No. 72.

59. No response is required. Plaintiff Bardalez is no longer a party to this suit. She voluntarily dismissed her claims on December 5, 2014. *See* Notice of Voluntary Dismissal, Doc. No. 72.

**CLASS ACTION ALLEGATOINS**

60. This paragraph contains characterizations of the case and conclusions of law to which no response is required. To the extent a response is required, Defendants deny that class certification is proper in this case.

61. This paragraph asserts a description of the proposed class to which no response is required. To the extent a response is required, Defendants aver that this Court granted Plaintiffs' request for class certification, and deny that class certification is proper in this case.

62. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendants deny that class certification is proper in this case.

63. Defendants admit the first sentence. The remaining allegations are conclusions of law to which no response is required. To the extent a response is required, Defendants deny that class certification is proper in this case.

64. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendants deny that class certification is proper in this case.

65. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendants deny that class certification is proper in this case.

66. Defendants lack sufficient information to admit or deny these allegations, and therefore deny. To the extent a response is required, Defendants deny that class certification is proper in this case.

67. Defendants lack sufficient information to admit or deny these allegations, and therefore deny. Defendants further deny that class certification is proper in this case.

68. Defendants lack sufficient information to admit or deny these allegations, and therefore deny. Defendants further deny that class certification is proper in this case.

69. This paragraph asserts conclusions of law to which no response is required.

70. This paragraph asserts conclusions of law to which no response is required.

**FIRST CAUSE OF ACTION**

71. Defendants incorporate by reference the responses to paragraphs 1 through 70.

72. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendants aver that the cited legal authorities speak for themselves.

73. This paragraph asserts conclusions of law to which no response is required. To the extent a response is required, Defendants aver that the cited legal authorities speak for themselves, and deny Plaintiffs' characterization and interpretation.

74. To the extent a response is required, Defendants aver that the cited legal authorities speak for themselves, and aver that the regulation at 8 C.F.R. § 208.31(b) provides that reasonable fear determinations must be made within 10 days of referral unless exceptional circumstances are present.

75. Deny.

76. Deny.

## SECOND CAUSE OF ACTION

77. Defendants incorporate by reference the responses to paragraphs 1 through 76.

78. This paragraph asserts conclusions of law to which no response is required.

79. Deny.

Any allegations not expressly admitted above is denied.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint constitutes Plaintiffs' request for relief to which no response is required.  To the extent that a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserve their right to plead additional defenses according to proof:

**First Affirmative Defense**:  Plaintiffs failed to state a claim upon which relief can be granted.

**Second Affirmative Defense**:  This Court lacks jurisdiction over Plaintiffs' claims.

**Third Affirmative Defense**:  Defendants are entitled to judgment as a matter of law.

**Fourth Affirmative Defense**:  Plaintiffs' individual claims are moot.

//

//

WHEREFORE, Defendants ask this Court that this Complaint be dismissed with prejudice, judgment be entered for Defendants, and that the Court grants all such other relief it may deem proper.

DATED:  January 16, 2015                                   Respectfully submitted.

                                                           JOYCE BRANDA
                                                           Acting Assistant Attorney General

                                                           WILLIAM PEACHEY
                                                           Director, District Court Section
                                                           Office of Immigration Litigation

                                                           ELIZABETH STEVENS
                                                           Assistant Director, District Court Section

                                                           /s/ Victor M. Mercado-Santana
                                                           VICTOR M. MERCADO-SANTANA
                                                           Trial Attorney
                                                           Civil Division, Office of Immigration Litigation
                                                           United States Department of Justice
                                                           P.O. Box 868, Ben Franklin Station
                                                           Washington, DC  20044
                                                           Telephone:  (202) 305-7001
                                                           Facsimile:  (202) 616-8962
                                                           victor.m.mercado-santana@usdoj.gov

                                                           *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I certify that all participants are CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: January 16, 2015                 Respectfully submitted.

/s/ Victor M. Mercado-Santana
VICTOR M. MERCADO-SANTANA
Trial Attorney
Civil Division, Office of Immigration Litigation
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Telephone:  (202) 305-7001
Facsimile:  (202) 616 -8962
victor.m.mercado-santana@usdoj.gov

*Counsel for Defendants*