JOYCE R. BRANDA
Assistant Attorney General
WILLIAM PEACHEY
Director, District Court Section
Office of Immigration Litigation
ELIZABETH STEVENS
Assistant Director, District Court Section
VICTOR M. MERCADO-SANTANA (Pa. 312116)
Trial Attorney
Civil Division, Office of Immigration Litigation
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, DC  20044
Telephone:  (202) 305-7001
Facsimile: (202) 616 -8962
E-mail:  victor.m.mercado-santana@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARCO ANTONIO ALFARO GARCIA, CREDY MADRID CALDERON, GUSTAVO ORTEGA, and CLAUDIA RODRIGUEZ DE LA TORRE, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>JEH JOHNSON, Secretary of Homeland Security, LEON RODRIGUEZ, Director of U.S. Citizenship and Immigration Services, and JOSEPH LANGLOIS, Associate Director of Refugee, Asylum and International Operations,<br><br>*Defendants*. | Case No. 4:14-cv-1775-YGR<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>Hon. Yvonne Gonzalez Rogers |

# PROTECTIVE ORDER

The parties by and through their counsel hereby stipulate to and petition the court to enter the following Stipulated Protective Order:

1. This Protective Order shall apply to all initial disclosures and future discovery in this action, subject to further stipulated agreements by the parties or orders by the Court.

2. The protections conferred by this Protective Order apply not only to initial disclosures and discovery in this action, but also to any information copies or extracted therefrom, as well as copies, excerpts, summaries compilations, testimony, conversations, or presentations by parties or counsel to or in court or in other settings that would reveal information protected under this Order. All information protected under this Order is termed "Protected Material."

3. **Designation of Confidential and Highly Confidential Information**.

3.1 Any party or non-party may designate as "Confidential" or "Highly-Confidential-Attorneys' Eyes Only" any information in a documentary form, which the designating party or non-party considers in good faith to contain information involving sensitive or confidential information. The designating party shall mark each relevant page with "Confidential" or "Highly-Confidential-Attorneys' Eyes Only" at the bottom right corner of each designated page or as near the bottom right corner as practicable.

3.2. Any party or non-party may designate information disclosed during a hearing or deposition or in other pretrial or trial proceedings as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by so indicating on the record at the hearing or deposition and requesting the preparation of a separate transcript of such material. Additionally, a party or non-party may designate in writing, within twenty days after

receipt of the hearing or deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

Transcript pages containing material deemed "Confidential" or "Highly Confidential—Attorneys' Eyes Only" must be separately bound by the court reporter, who must affix to the top of each such page the appropriate marking, as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

3.3. For information produced in some form other than documentary, and for any other tangible items, the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only." If only portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

3.4. The parties recognize that Defendants' documents and databases may have information contained in or pertaining to applications for asylum, withholding of removal, or protection under the Convention Against Torture, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a). Any such information, which may be produced in the course of this litigation, shall be designated "Highly Confidential – Attorneys' Eyes Only," and shall bear the mark of that designation. The parties further agree that nothing in this Protective Order shall require that Defendants produce any information. Defendants do not waive their right to assert that information protected from disclosure by the regulations cited herein or any other statutory or regulatory

confidentiality provision cannot be disclosed regardless of the existence of this Protective Order.

3.5.  The parties recognize that Defendants' documents and databases may have information that is subject to disclosure conditions pursuant to the Privacy Act, 5 U.S.C. § 552a, including information contained in individual A-files. Any such information, which may be produced in the course of this litigation shall be designated "Confidential," and shall bear the mark of that designation. The parties stipulate that this Order serves as a court Order authorizing disclosure of materials protected by the Privacy Act in accordance with 5 U.S.C. § 552a(b)(11).

3.6.  The parties recognize that the only information that is properly considered "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is information subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), or the Privacy Act, 5 U.S.C. § 552a. The designation of a document as "Confidential" or "Highly Confidential" therefore does not preclude the disclosure of non-protected information in the document.

3.7.  The following information is not "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and therefore not subject to the restrictions applicable to protected information: (a) aggregate information concerning class members that does not permit the identification of the particular individuals to whom the information relates; (b) class member information that is subject disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), or the Privacy Act, 5 U.S.C. § 552a, but the class member to whom the information pertains has consented to release of the information.

3.8.  An inadvertent failure to designate qualified information or items "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone,

waive the designating party's right to secure protection under this Order for such material, if the designation is corrected within seven days after it is discovered.  The designating party shall produce a properly designated copy of such qualified information within seven days after discovering the inadvertent failure to designate.  The receiving party, upon receipt of the properly designated copy, shall make reasonable efforts to destroy all undesignated versions of the same document and shall make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

4.  **Challenging Confidentiality Designations**.

4.1   Timing of Challenges.  Unless a prompt challenge to the designating party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

4.2   Meet and Confer.  A party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue only) with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation.  A challenging party may proceed to the next stage of the challenge process only if it has carried out this meet and confer process first.

4.3     Judicial Intervention.  A party that elects to challenge a confidentiality designation after considering the justification offered by the designating party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

5.      **Access To and Use of Protected Material**.

5.1     All information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be used solely for the purpose of this litigation.  Such information and materials are to be protected in original form as provided by the disclosing party. Any materials that contain altered, edited, summarized, or otherwise modified "Confidential" or "Highly Confidential" information shall be protected to the same extent as the original, subject to the uses otherwise permitted under the Order. The Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. The Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to only the persons authorized under this Order.

5.2     The limitations and restrictions on "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information in this Protective Order shall not apply with respect to information obtained through a source other than through discovery production.

5.3     This Protective Order shall not preclude any party from disclosing publicly-available information.

5.4     This Protective Order shall not preclude Plaintiffs' counsel from using the information obtained through discovery production to contact class members.

5.5     Except with the prior written consent of the designating party or non-party, or upon prior order of this Court obtained upon notice to the designating party or non-party, information designated "Confidential" shall not be disclosed to any person other than:

   (a)     Counsel of record for the respective parties to this action;

   (b)     Members of the firms, partners, of counsel, associates, paralegals, clerks, secretaries, and other staff who it is reasonably necessary to disclose the information for this litigation;

   (c)     Individual parties, and officers or employees of a party, only to the extent necessary by counsel for the prosecution or defense of this litigation and who have signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

   (d)     Experts and consultants retained for this Litigation ("Consultants"), provided that each such Consultant shall execute a copy of the Certification appended to this Order as Exhibit A prior to receiving any Protected Materials;

   (e)     The Court and its personnel;

   (f)     Independent court reporters, translators, professional vendors and their staffs to whom it is reasonably necessary to disclose the information for this litigation,

provided that the individual or an agent for each respective organization retained has signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

   (g) The author of the document, the original source of the information, and any individuals who were recipients of the original document at or about the time the document was created;

   (h) Any other person mutually authorized by the parties' counsel to examine such information with an appropriate need to know, provided that such person shall execute a copy of the Certification appended to this Order as Exhibit A prior to receiving any Protected Materials; and

   (i) Potential percipient witnesses with an appropriate need to know, provided that each such witness shall execute a copy of the Certification appended to this Order as Exhibit A prior to receiving any Protected Materials.

 5.6 Except with the prior written consent of the designating party or non-party, or upon prior order of this Court obtained upon notice to the designating party or non-party, information designated "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed to any person other than:

   (a) Counsel of record for the respective parties to this action;

   (b) Members of the firms, partners, of counsel, associates, paralegals, clerks, secretaries, and other staff who it is reasonably necessary to disclose the information for this litigation;

   (c) Experts and consultants retained for this Litigation ("Consultants"), provided that each such Consultant shall execute a copy of the Certification appended to this Order as Exhibit A prior to receiving any Protected Materials;

(d) The Court and its personnel;

(e) Independent court reporters, translators, professional vendors and their staffs to whom it is reasonably necessary to disclose the information for this litigation, provided that the individual or an agent for each respective organization retained has signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

(f) The author of the document, the original source of the information, and any individuals who were recipients of the original document at or about the time the document was created;

(g) Any other person mutually authorized by the parties' counsel to examine such information with an appropriate need to know, provided that such person shall execute a copy of the Certification appended to this Order as Exhibit A prior to receiving any Protected Materials; and

(h) Potential percipient witnesses with an appropriate need to know, provided that each such witness shall execute a copy of the Certification appended to this Order as Exhibit A prior to receiving any Protected Materials.

5.7. Nothing in this Order shall preclude the disclosure of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information to the class member to whom the information pertains.

6. **Unauthorized Disclosure of Protected Material**. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to

whom unauthorized disclosures were made of all the terms of the Order, and (d) request such person or persons to execute the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A.

7.  **Filing Protected Material**.

7.1  The parties agree to meet and confer over a Receiving Party's request for permission to file "Confidential" or "Highly Confidential" Information in the public record. Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material. A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. This provision does not apply to the Parties' submission of "Confidential" Information to the Magistrate Judge assigned to proceed over settlement conferences in this case, provided those submissions are not filed in the public record.

7.1  Nothing in this Order precludes the disclosure of a document designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," so long as the protected information is redacted.

8.  **Duration of Protective Order and Final Disposition of Documents**.

8.1  All provisions of this order restricting the communication or use of Protected Material shall continue to be binding after the conclusion of this action, unless otherwise agreed in writing by the parties or ordered by the Court. At the conclusion of the Litigation, upon request of the party or non-party who provided the Protected Material, the party that received the Protected Material shall either (a) return such documents no later than sixty days after the request to the party or non-party who provided such information; or (b) destroy such documents no later than sixty days after the request and certify in writing upon

request of the opposing party within sixty days of the request that the documents have been destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

8.2   Notwithstanding subparagraph 15.1, counsel of record may maintain a complete set of discovery for their records through the final disposition of this action, including any and all appeals or the time during which an appeal is possible, and for a period of 8 years after resolution of the case or after any judgment becomes final, whichever is later, provided that such counsel maintain the confidential nature of the discovery, as set forth in this Protective Order.

9.   **Miscellaneous**.

16.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

16.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

It is SO ORDERED.

DATED: February 4, 2015

_____
HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Marco Antonio Alfaro Garcia, et al. v. Jeh Johnson, et al.*, Case No. CV-1775 YGR.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____