UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARCO ANTONIO ALFARO GARCIA, ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**JEH JOHNSON, SECRETARY OF HOMELAND SECURITY, ET AL.,**<br><br>Defendants. | Case No. 14-cv-01775-YGR<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 102 |

This matter having come before this Court on Plaintiffs' unopposed motion for preliminary approval of the proposed settlement of the above-captioned class action (the "Action") pursuant to the parties' Settlement Agreement (the "Agreement," attached hereto as **Exhibit 1**), and having duly considered the papers submitted and the arguments of counsel, the Court hereby **FINDS** and **ORDERS** as follows:

1.  Unless defined herein, all defined terms in this Order shall have the respective meanings set forth in the Agreement.

2.  Pursuant to Federal Rule of Civil Procedure 23(b)(2), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> Any person who, during the period of this Agreement:
>
> a. is or will be subject to a reinstated order of removal under 8 U.S.C. § 1231(a)(5) or an administrative removal order under 8 U.S.C. § 1228(b);
> b. has expressed, or in the future expresses, a fear of returning to his or her country of removal;
> c. is detained in the custody of the Department of Homeland Security ("DHS"); and
> d. has not received, or does not receive, an initial reasonable fear determination by the U.S. Citizenship and Immigration Services ("USCIS") under 8 C.F.R. § 208.31 within ten (10) days of referral to USCIS; however,
> e. the defined class does not include individuals who have received their reasonable fear determination.

1	For purposes of settlement only, the Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and 23(b)(2) have been preliminarily satisfied for the same reason as the Court found in its order granting Plaintiffs' Motion for Class Certification (Dkt. No. 70).

3.	The Court has conducted a preliminary evaluation of the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that (i) there is cause to believe that the Agreement is fair, reasonable, and adequate and within the range of possible approval, (ii) the Agreement has been negotiated in good faith at arm's-length between experienced attorneys familiar with the legal and factual issues in the Action, and (iii) the notice of the material terms of the Agreement to members of the Settlement Class for their consideration and reaction is warranted. Therefore, the Court grants preliminary approval of the Settlement Agreement.

4.	On **October 20, 2015** at **2:00 p.m.**, in Courtroom 1 of the Federal Courthouse at 1301 Clay Street in Oakland, California, or at such other time and place later set by Court order, the Court will hold a hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement (the "Fairness Hearing") and will determine whether final approval of the Settlement Agreement should be granted.

5.	The Court approves the form and manner of giving direct notice (in the form attached hereto as **Exhibit 2**) to the Settlement Class by: (1) posting notices at all Immigration and Customs Enforcement ("ICE") immigration detention facilities where Settlement Class Members may be detained; (2) posting notices on the websites of USCIS, the ACLU of Southern California, the ACLU of Northern California, and the NIJC; and (3) providing notices to USCIS Public Engagement Division for distribution to a network of community-based and non-profit organizations that provide advice and assistance to immigrants. Notice will be posted/distributed by the parties within **five (5) business days** of the date of entry of this Preliminary Approval Order, and shall remain posted for no less than thirty (30) days. The notice in form, method, and content complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

6.	Any member of the Settlement Class may object to final approval of the Agreement

1  by submitting his or her objection ("Objection") to the Court in writing—via mail to the Class
2  Action Clerk, U.S. District Court for the Northern District of California, 1301 Clay Street,
3  Oakland, California 94612, or via in-person filing at any location of the U.S. District Court for the
4  Northern District of California (or, in the case of objectors represented by counsel, via the Court's
5  ECF system)—provided, however, that all Objections must be filed or post-marked by no later
6  than **September 29, 2015**.  A Settlement Class member who objects to the Settlement need not
7  appear at the Fairness Hearing for his or her objection to be considered by the Court; however, any
8  additional papers, briefs, pleadings, or other documents that any objector would like the Court to
9  consider must be filed with the Court no later than September 29, 2015.  All papers filed by an
10  objector with the Court shall include the case name (*Alfaro Garcia, et al. v. Johnson, et al.*) and
11  number (4:14-cv-01775-YGR) and provide: (i) the Settlement Class Member's full name and
12  current detention facility or address; (ii) a signed declaration that the Settlement Class Member is
13  a member of the Settlement Class; (iii) the specific grounds for the objection; (iv) all documents or
14  writings that the Settlement Class Member desires the Court to consider; and (vii) a notice of
15  intention (if any) to appear at the Fairness Hearing.  A sample objection form is attached to
16  Exhibit 2.
17      7.    Any Settlement Class member who fails to object in the manner prescribed herein
18  shall be deemed to have waived his or her objections and forever be barred from making any such
19  objections in this Action.  While the declaration described in subparagraph 6(ii) is prima facie
20  evidence that the objector is a member of the Settlement Class, the parties may take discovery
21  regarding the matter, subject to Court approval.  If an objector does not submit his or her
22  Objection in accordance with the deadline and procedure set forth herein, and the Settlement Class
23  member is not granted relief by the Court, the Settlement Class member will be deemed to have
24  waived his or her right to be heard at the Fairness Hearing.
25      8.    The Settlement Agreement, and the proceedings and statements made pursuant to
26  the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement,
27  and this Order, shall not be offered or received against any party as evidence of, or construed as or
28  deemed to be evidence of, any presumption, concession, or admission by any of the parties of the

truth or falsity of any fact, claim, defense, or argument that was or could have been asserted in the Action, or any admission of liability, negligence, fault, or wrongdoing by any party, or referred to in any other way for any other reason as against the parties to the Settlement Agreement, in any other civil, criminal, or administrative action or proceedings, other than in proceedings to enforce the Settlement Agreement. Nothing contained herein, however, shall be construed to prevent the parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

This Order terminates Docket Number 102.

**IT IS SO ORDERED.**

Dated: August 20, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**