# EXHIBIT 2

**NOTICE OF PROPOSED SETTLEMENT AND HEARING IN CLASS ACTION
INVOLVING DETAINED NON-CITIZENS
WHO ARE AWAITING A "REASONABLE FEAR DETERMINATION"**

<u>**ALFARO GARCIA, ET AL. V. JOHNSON, ET AL.,**</u> **Case No. 4:14-cv-01775-YGR
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**TO:**    All individuals who meet all of the following characteristics (collectively, the "Class"):

- Are or will be subject to a reinstated order of removal under 8 U.S.C. § 1231(a)(5) or an administrative removal order under 8 U.S.C. § 1228(b);
- Have expressed, or in the future express, a fear of returning to their country of removal;
- Are detained in the custody of the Department of Homeland Security ("DHS"); and
- Have not received, or do not receive, an initial reasonable fear determination by U.S. Citizenship and Immigration Services ("USCIS") under 8 C.F.R. § 208.31 within ten (10) days of referral to USCIS and still have not received a reasonable fear determination.

You are hereby notified that a hearing (the "Fairness Hearing") has been scheduled for Tuesday, **October 20, 2015**, at **2:00 p.m.** before the Honorable Yvonne Gonzalez Rogers of the United States District Court for the Northern District of California, in Courtroom 1 at the United States Courthouse, 1301 Clay Street, Oakland, California, for consideration of a proposed settlement of the claims that have been brought on your behalf in this lawsuit. Please note that the Fairness Hearing date may change without further notice. You should check the settlement websites listed below or the Court docket in this case (through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov) to confirm that the date has not been changed.

<u>**Purposes of This Notice**</u>

This notice has three purposes. The notice:

A. Tells you about the proposed settlement and the fairness hearing;
B. Tells you how to obtain more information; and
C. Explains how you may object if you disagree with the proposed settlement terms.

<u>**Background**</u>

This class action lawsuit was filed on April 17, 2014 claiming that the U.S. Government is failing to process claims to protection from removal from the United States based on a fear of persecution or torture in a timely manner, in violation of a binding federal regulation at 8 C.F.R. § 208.31(b), which requires a "reasonable fear determination" be made within ten days in the absence of exceptional circumstances.

On November 21, 2014, the Court ruled that Plaintiffs' claims could go forward as a class action. The parties have now reached a settlement that the Court has preliminarily approved.

**A.    Description of Proposed Settlement Agreement**

The following description is only a summary of the key points in the proposed settlement agreement. Information on obtaining a copy of the full, proposed agreement is provided after this summary.

1.    **ICE must make prompt referrals for reasonable fear determinations**: U.S. Immigration and Customs Enforcement ("ICE") will refer an individual who qualifies for a reasonable fear determination to USCIS "immediately, as practicable." Within a year after the date of the settlement agreement, ICE will achieve a national average of no more than **five (5) days** for referrals and, at that time, the parties will meet and confer to establish a new, shorter benchmark for referrals. ICE will update any future published training guides or manuals addressing procedures for reinstatement of removal and/or administrative removal to include its obligations under the settlement agreement.

2.    **The USCIS Asylum Division must conduct reasonable fear determinations promptly and within a national average of ten days**: The Government is obligated to achieve a national average of no more than **ten (10) court days** to complete reasonable fear determinations. In addition, the Government will take no longer than **twenty (20) court days** to complete any individual reasonable fear determination and, if the Government fails to complete any reasonable fear determination within twenty (20) court days, it will notify Class Counsel.[1]

3.    **The time periods can be extended in certain circumstances**: The period for calculating the relevant time period begins on the date of a "proper" referral from ICE to USCIS and ends on the date that USCIS makes the reasonable fear determination and serves it upon the Class Member. The determination period shall be "tolled" (which means it will be extended but the extension will not count toward calculation of the average time period in paragraph 2 above) *when an individual (or his or her representative) requests additional time to prepare for the interview*. The tolling period will be limited to the time requested by the individual (or his or her representative) and agreed to by USCIS or a default period of no longer than ten (10) court days. The determination period can also be tolled *if an individual refuses to participate in the reasonable fear interview, or accept service of the determination*. The determination period can also be tolled for "*exceptional circumstances*," which specifically do <u>not</u> include "unusual but reasonably foreseeable circumstances."

4.    **The government must regularly report information about whether they are meeting the requirements of the agreement**: To facilitate monitoring of the Government's compliance with the prescribed timing requirements, the Government must make best efforts to

---

[1]    The Government must achieve the 10-day national average and 20-day maximum time for reasonable fear determinations by November 2, 2015 or thirty (30) days after the Effective Date of the Settlement, whichever is later. The Effective Date of the Settlement Agreement is the date upon which the Court enters Final Judgment, substantially in the form agreed upon by the parties.

produce regular reports with data on referrals, and will produce reports on reasonable fear determinations to Class Counsel and permit Class Counsel to access a sample of Class Members' files.  If the Government achieves certain benchmarks after one (1) year, reporting will thereafter be required only on a quarterly basis.  If, at the end of three (3) years, the Government has achieved all benchmarks, the government can seek an early termination of the five-year Agreement.

5.      **The Court can enforce the agreement if there are any violations**: The Court will retain jurisdiction to enforce the terms of the Settlement Agreement.

6.      **Attorneys' fees and costs**: The Government will pay Class Counsel reasonable attorneys' fees and costs in the amount of $327,047.66.

7.      **Release of claims**: Class Members will release the Government from all claims that were asserted on behalf of the Class arising from or related to the facts and circumstances alleged in the lawsuit.

## B.      <u>For Further Information</u>:

THIS IS A SUMMARY OF THE PROPOSED AGREEMENT. TO UNDERSTAND IT FULLY, YOU SHOULD READ THE ENTIRE AGREEMENT.  Copies of the proposed settlement may be obtained from: (1) the USCIS website (**www.uscis.gov**); (2) the ACLU of Southern California website (**www.aclusocal.org/alfaro-garcia/**); (3) the ACLU of Northern California website (**www.aclunc.org/alfaro**); (4) the National Immigrant Justice Center website (**www.immigrantjustice.org/alfaro**); (5) local community-based and non-profit organizations through USCIS's Public Engagement Division; and (6) by writing to Class Counsel at the address listed below.

Class Counsel:
*Alfaro Garcia* Class Action Settlement
c/o ACLU Foundation of Southern California
1313 West 8th Street
Los Angeles, California 90017

## C.      <u>Procedures for Objection:</u>

You can ask the Court to deny approval by filing an objection.  You cannot ask the Court to order a different settlement; the Court can only approve or deny the settlement.  If the Court denies approval, the lawsuit will continue.  If that is what you want to happen, you must object.

You may object to the proposed settlement in writing.  Attached to this notice is a sample objection form that you may use to file a written objection.  You may also appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for paying that attorney if required.  All written objections and supporting papers must:

(a) clearly identify the case name and number (*Alfaro-Garcia v. Johnson*, Case Number

4:14-cv-1775-YGR);

(b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California 94612, or by filing them in person at any location of the United States District Court for the Northern District of California; and

(c) be filed or postmarked on or before **September 29, 2015**.

**Attachment**

Sample Objection Form

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

MARCO ANTONIO ALFARO-GARCIA et al.,

*Plaintiffs*,

v.

JEH JOHNSON, Secretary of Homeland
Security, et al.,

*Defendants*.

Case No. 4:14-cv-1775-YGR

**OBJECTION TO PROPOSED
SETTLEMENT AGREEMENT**

Hon. Yvonne Gonzalez Rogers

To the Honorable Court:

I believe I am a Class Member because:

- I am subject to a reinstated order of removal under 8 U.S.C. § 1231(a)(5) or an administrative removal order under 8 U.S.C. § 1228(b), dated _____;
- On _____, I told an immigration officer that I fear returning to my country;
- I am currently detained in the custody of the U.S. Immigration and Customs Enforcement, of the Department of Homeland Security ("DHS"); and
- It has been more than ten days since I told the immigration officer of my fear, and I have not yet been interviewed by U.S. Citizenship and Immigration Services ("USCIS") or have not yet received a reasonable fear determination.

I understand that I may not be a Class Member if ten days have not passed since the time my case was referred to USCIS for a reasonable fear determination.

I object to the proposed settlement because: _____

_____

_____

_____ [attach additional sheets if necessary]

I intend to appear at the Court for the Fairness Hearing:      ☐ Yes      ☐ No

My signature verifies that everything I have stated above is true.

Dated: _____          Signature: _____
                                 Name: _____
                                 "A number": _____
                                 Address: _____
                                 _____