1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

MARCO ANTONIO ALFARO GARCIA, ET AL.,

Plaintiffs,

vs.

JEH JOHNSON, ET AL.,

Defendants.

CASE NO.  14-cv-01775-YGR

ORDER RE: LETTER AT DKT. NO. 139

The Court has received and reviewed the letter filed by Mr. Adiel Concepcion Vazquez. (Dkt. No. 139.)  For clarification, the class action settlement in the above-captioned mater applies only to the following Settlement Class:

All persons who, during the term of the Settlement Agreement:

a. are or will be subject to a reinstated order of removal under 8 U.S.C. § 1231(a)(5) or an administrative removal order under 8 U.S.C. § 1228(b);

b. have expressed, or in the future express, a fear of returning to his or her country of removal;

c. are detained in the custody of the Department of Homeland Security ("DHS"); and

d. have not received, or do not receive, an initial reasonable fear determination by USCIS under 8 C.F.R. § 208.31 within ten (10) days or referral to USCIS; but

e. the Settlement Class does not include any person who would otherwise be in the class if such individual receives his or her reasonable fear determination.

(*See* Settlement Agreement, Dkt. No. 133-1.)[1]  If Mr. Concepcion Vazquez does not fall within this class definition, he is not a member of the class.

///

---

[1]  The Settlement Agreement is attached as Exhibit 1 hereto for Mr. Concepcion Vazquez's convenience.

1  Mr. Concepcion Vazquez is advised to contact Class Counsel at the following address:

2  Class Counsel:

3  *Alfaro Garcia* Class Action Settlement
   c/o ACLU Foundation of Southern California

4  1313 West 8th Street
   Los Angeles, California 90017

5

6  Class Counsel may contact the Court if necessary regarding this matter.

7  IT IS SO ORDERED.

8

9  Dated: April 1, 2019

10  YVONNE GONZALEZ ROGERS
   UNITED STATES DISTRICT COURT JUDGE

EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| MARCO ANTONIO ALFARO GARCIA, CREDY MADRID CALDERON, GUSTAVO ORTEGA,  and CLAUDIA RODRIGUEZ DE LA TORRE, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>JEH JOHNSON, Secretary of Homeland Security, LEON RODRIGUEZ, Director of U.S. Citizenship and Immigration Services, and JOSEPH LANGLOIS, Associate Director of Refugee, Asylum and International Operations,<br><br>*Defendants.* | Case No. 4:14-cv-01775-YGR |

**SETTLEMENT AGREEMENT AND RELEASE**

Plaintiffs in the above-captioned matter, on behalf of themselves and all Class Members (collectively "Plaintiff Class"), and Defendants Jeh Johnson, in his official capacity as Secretary of Homeland Security, Leon Rodriguez, in his official capacity as Director of U.S. Citizenship and Immigration Services ("USCIS"), and Joseph Langlois, in his official capacity as Associate Director of USCIS Refugee, Asylum, and International Operations  ("Defendants"), by and through their attorneys, hereby enter into this Settlement Agreement and Release ("Agreement"), as of the date it is executed by all parties hereto (the "Agreement Date") and effective upon approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.

WHEREAS:

A. On April 17, 2014, Plaintiffs commenced a civil action against Defendants on behalf of themselves and all others similarly situated, captioned *Garcia, et al., v. Johnson, et al.,* United States District Court for the Northern District of California Case No. 4:14-cv-01775-YGR (the "Action"), and sought class certification, designation of Class Counsel, and declaratory and injunctive relief.

B. The United States District Court for the Northern District of California certified the proposed class with some modifications; appointed Class Counsel on November 21, 2014; and denied Defendants' motion to dismiss on the same date.

C. Defendants deny all liability with respect to the Action, deny that they have engaged in any wrongdoing, deny the allegations in the Complaint, deny that they committed any violation of law, deny that they acted improperly in any way, and deny liability of any kind to the Plaintiffs or the Plaintiff Class, but have agreed to the settlement and dismissal of the Action with prejudice in order to: (i) avoid the substantial expense, inconvenience, and distraction of protracted litigation; and (ii) finally put to rest and terminate the Action and any and all Settled Claims as defined in Section I.I.

D. Both the Plaintiff Class and Defendants have conducted discussions and arm's length negotiations regarding a compromise and settlement of the Action with a view to settling all matters in dispute.

E. Considering the benefits that the Plaintiffs and the Plaintiff Class will receive from settlement of the Action and the risks of litigation, Class Counsel have concluded that the terms and conditions of this Agreement are fair, reasonable, and in the best interests of the Plaintiffs and the Plaintiff Class; Plaintiffs have agreed that Defendants shall be released from the Settled Claims pursuant to the terms and provisions of this Agreement; and have agreed to the dismissal with prejudice of all Settled Claims as defined in Section I.I.

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and among the parties to this Agreement, through their respective attorneys, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Agreement, that the Settled Claims shall be compromised, settled, forever released, barred, and dismissed with prejudice, upon and subject to the following terms and conditions:

## I.   DEFINITIONS:

Wherever used in this Agreement, the following terms have the meanings set forth below:

A. "Action" means the civil action captioned *Garcia, et al., v. Johnson, et al.,* United States District Court for the Northern District of California Case No. 4:14-cv-01775-YGR.

B. "Effective Date of Settlement" or "Effective Date" means the date upon which this Agreement shall become effective, as set forth in Section VI., below.

C. "Plaintiff(s)" means Marco Antonio Alfaro Garcia, Credy Madrid Calderon, Gustavo Ortega, and Claudia Rodriguez de la Torre.

D. "Class Member(s)" means any person who, during the period of this Agreement:

a. is or will be subject to a reinstated order of removal under 8 U.S.C. § 1231(a)(5) or an administrative removal order under 8 U.S.C. § 1228(b);

b. has expressed, or in the future expresses, a fear of returning to his or her country of removal;

c. is detained in the custody of the Department of Homeland Security ("DHS"); and

d. has not received, or does not receive, an initial reasonable fear determination by USCIS under 8 C.F.R. § 208.31 within ten (10) days of referral to USCIS; however,

e. the defined class does not include individuals who have received their reasonable fear determination.

E. Unless otherwise specified, all periods of time expressed within this Agreement of thirty (30) days or fewer shall be calculated as court days; i.e., any day in which the federal courts are not in session shall not be counted.

F. "Plaintiffs' Counsel" or "Class Counsel" means Michael Kaufman, Carmen Iguina and Ahilan T. Arulanantham of the American Civil Liberties Union ("ACLU") of Southern California, Julia Harumi Mass of the ACLU of Northern California, Claudia Valenzuela and Charles Roth of the National Immigrant Justice Center, and John D. Pingel, Timothy R. Carraher, David Z. Smith, Christopher R. Murphy and James A. Rolfes of Reed Smith LLP.  Should these entities change their names or merge with other entities, those new entities shall also qualify as Class Counsel.

G. "Defendants" means Jeh Johnson, in his official capacity as Secretary of Homeland Security, Leon Rodriguez, in his official capacity as Director of USCIS, and Joseph Langlois, in his official capacity as Associate Director of USCIS Refugee, Asylum, and International Operations, their predecessors and successors,  their departments and agencies, and  their past or present agents, employees, and contractors.

H. "Quarter" means Fiscal Year Quarters.

I. "Settled Claims" means the claims that were asserted by Plaintiffs on behalf of themselves and the Class Members in this Action, including claims regarding the process of referral by U.S. Immigration and Customs Enforcement ("ICE") to USCIS, under 8 C.F.R. §§ 208.31(b), 238.1(f)(3), or 241.8(e), for a reasonable fear determination, and the process of USCIS's determination as to whether the asserted fear is reasonable.

J. "Settlement" means the settlement provided for in this Agreement.

K. "Published training guide or manual" refers to any new or revised version of a training guide or manual (including interim or draft documents) that is issued, promulgated or otherwise distributed by ICE after the Effective Date, but does not include guidance regarding specific and limited issues dealing with reinstatement of removal and/or administrative removal.

II. **RELEASE: SCOPE AND EFFECT OF RELEASE**

A. On the Effective Date, the Plaintiffs and the Class Members, on behalf of themselves, their heirs, executors, administrators, representatives, attorneys, successors, assigns, agents, affiliates, and partners, and any persons they represent, by operation of any final judgment entered by the Court, shall have fully, finally, and forever released, relinquished, and discharged the Defendants of and from any and all of the Settled Claims, and the Plaintiffs and the Class Members shall forever be barred and enjoined from bringing or prosecuting any Settled Claim against any of the Released Parties. This Release shall not apply to claims that arise or accrue after the termination of this Agreement.

B. This Agreement is subject to and contingent upon Court approval under Rule 23(e) of the Federal Rules of Civil Procedure.

Settlement Agreement and Release-3

III.   **REASONABLE FEAR PROCESSING**

A.   For individuals in the custody of ICE who have been issued either a reinstated order of removal under 8 U.S.C. § 1231(a)(5) or an administrative order of removal under 8 U.S.C. § 1228(b), and who express fear of return to the designated country of removal, ICE shall refer the individual immediately, as practicable, to USCIS for a determination of whether that expressed fear is reasonable, after both (i) the issuance of the removal order, and (ii) the individual's expression of fear.

1. ICE shall reduce the amount of time between (i) the "triggering date" and (ii) the referral date to USCIS (the "benchmark") to an average of five days or less no later than one year from the Agreement Date. The "triggering date" shall be the latest date of:

    i.   The date ICE assumes custody;

    ii.  The date of issuance of either a reinstated order of removal under 8 U.S.C. § 1231(a)(5) or an administrative order of removal under 8 U.S.C. § 1228(b); and

    iii. The date on which an alien expresses a fear of return.

2. After one year, ICE will propose to Plaintiffs a new, lower benchmark for such referral times. The parties shall either agree to that benchmark as proposed or will meet and confer to decide upon a new benchmark.

3. ICE shall regularly report to Plaintiffs information on the referral process.

    i.   ICE will make its best efforts to modify its internal systems to track the following information: (1) the total number of cases referred; (2) the average number of days for referrals; (3) the total number of referrals which took more than 5 days; and (4) the total number of referrals which took more than 10 days. If successful, ICE will provide to Plaintiffs a report containing these statistics both by area of responsibility and nationally according to the schedule provided in subsection (ii). If efforts to modify internal systems prove unsuccessful, Defendants' Counsel shall immediately report this fact to Plaintiffs' Counsel, and the parties will meet to discuss alternate reporting arrangements. In all events, Defendants' Counsel shall provide Plaintiffs with a progress report on ICE's efforts to modify its databases, and whether the proposed changes are feasible, within six months after the Agreement Date.

    ii.  The first report is due no later than one year and one month from the Agreement Date. Thereafter, ICE will provide quarterly reports on the first business day of the second month following the end of each quarter.

B.   ICE shall refer an individual to USCIS by sending a referral package to USCIS.

1. A "proper" referral package consists of:

    i.   Either:
    (1) A fully executed Form I-851A, *Final Administrative Removal Order*, or
    (2) A fully executed Form I-871, *Notice of Intent/Decision to Reinstate Prior Order*, including the prior order of removal; and

      ii.  An indication, whether in oral, written, or electronic form, that the individual has made a fear claim during the reinstatement or administrative removal process.

    2.  For the purposes of this provision, with regard to the Form I-851A, "fully executed" means the certificate of service is signed by an immigration officer, and with regard to the Form I-871, "fully executed" means that the decision, order, and officer's certification is signed by an immigration officer.

C.    To implement paragraphs III(A)-(B), Defendants shall take the following measures:

    1.  ICE shall include the requirements specified in paragraphs III(A)-(B) in any future published training guide or manual that addresses its procedures with regard to persons subject to either reinstated orders of removal under 8 U.S.C. § 1231(a)(5) or administrative orders of removal under 8 U.S.C. § 1228(b).

D.    The reasonable fear determination period commences once USCIS receives a "proper" referral package from ICE.

    1.  If a referral package is not "proper" because it does not contain the documentation required by paragraph III(B), USCIS shall coordinate with ICE immediately, as is practicable, to obtain such documentation. In such a case, the reasonable fear determination period commences following USCIS's receipt of a "proper" referral package.

E.    By November 2, 2015, or 30 calendar days after the Effective Date, whichever occurs later in time, USCIS shall achieve an average national reasonable fear determination period of no more than ten (10) days. The average shall be calculated on a monthly basis, and shall not include cases in which a class member withdraws his or her request for a reasonable fear determination. An average of ten (10) days is achieved if the average is less than 10.5 days.

F.    Any request by the individual or the individual's representative to defer the reasonable fear interview, if approved by USCIS, shall toll the reasonable fear determination period. The tolling period shall be limited to the time period agreed to by USCIS and requested by the individual or the individual's representative to defer the interview or, if no time period is specified, a period no longer than 10 days. In addition, refusal to participate in the reasonable fear interview or accept service of written documentation of the reasonable fear determination shall toll the reasonable fear determination period during the length of the refusal to participate or accept service.

    1.  Nothing in this provision shall be read to prevent an individual or an individual's representative from requesting deferral of more than 10 days, or multiple deferrals. Nor shall this provision be read to require USCIS to grant any such deferral request or to explain its reasons for denying the request.

G.    As provided in 8 C.F.R. § 208.31(b), exceptional circumstances shall toll the reasonable fear determination period during the existence of such exceptional circumstances. Exceptional circumstances do not include unusual but reasonably foreseeable circumstances, shall be determined on an individualized basis, and shall be of limited duration.

H.    By November 2, 2015, or 30 calendar days after the Effective Date, whichever is later in time, USCIS shall ensure that no Class Member's reasonable fear determination period exceeds 20 days, not including any tolling or delays due to

exceptional circumstances. USCIS shall immediately report to the Director of the Asylum Division all individual cases that exceed 20 days.

1. Notice shall be provided to Class Counsel, along with a remedial plan of action, within one day of any such reporting.

2. An update will be provided to Class Counsel within five further days indicating whether the reasonable fear determination has been completed.

3. If the reasonable fear determination for a particular Class Member has not been completed within 26 days, not including any tolling or delays due to exceptional circumstances, the dispute resolution procedure provided in this Agreement does not preclude Plaintiffs or the particular individual Class Members from taking any action they may deem appropriate, including seeking individualized relief. Moreover, an individual Class Member whose reasonable fear determination has not been completed within 26 days, not including any tolling or delays due to exceptional circumstances, may seek enforcement of this Agreement, and remedies for such violation, from the Court without having to follow or be bound by the Alternative Dispute Resolution provisions in this Agreement.

I. Starting 90 days after the Agreement Date, or 30 calendar days after the Effective Date, whichever date is later in time, USCIS will provide to Class Counsel on the 15th day of the month (unless such date falls on a weekend or federal holiday, and then on the first non-weekend or federal holiday date following the 15th date of the month) a monthly report reflecting both completed and pending reasonable fear cases for the prior month. The reports shall include: the average time for completed cases, not including cases in which the applicant withdraws his or her request for a reasonable fear determination; the average time for cases in which the applicant withdraws his or her request for a reasonable fear determination; the average time for pending cases; the number of cases in which the reasonable fear determination period exceeded 10 days; the number of cases in which the reasonable fear determination period exceeded 20 days; the number of cases in which the reasonable fear determination period was tolled due to a Class Member's, or his or her representative's, request for a deferral; the number of cases in which the reasonable fear determination period was tolled due to a Class Member's alleged refusal to participate in the reasonable fear interview or to accept service of the reasonable fear determination; and the number of cases in which the reasonable fear determination period was extended based on exceptional circumstances. The statistics shall be reported both by asylum office, and in aggregate for the nation as a whole.

1. If twelve (12) consecutive monthly reports show both (i) that USCIS has reasonable fear determination period averages as provided in paragraph III (E) above; and (ii) no more than ten (10) individuals per month for whom USCIS has not made a reasonable fear determination within twenty (20) days, the reports shall be provided quarterly on the 15th day of the month (unless such date falls on a weekend or federal holiday, and then on the first non-weekend or federal holiday date following the 15th date of the month) following the end of the quarter. Thereafter, if eight consecutive quarterly reports show both (i) that USCIS has reasonable fear determination period averages of no more than ten (10) days and (ii) that no more than twenty (20) individuals per quarter for whom USCIS has not made a reasonable fear determination within twenty

(20) days of receipt of a proper referral package, the parties will agree to terminate the Agreement.

J.    Starting 90 days after the Effective Date, if Class Counsel so requests, USCIS will provide Class Counsel with relevant documents from the alien files of a sampling of Class Members, pursuant to the protective order, including any documentation generated related to Sections III.B, III.F, and III.G of this Agreement. Class Counsel may request files from no more than 30 Class Members per quarter. Plaintiffs will receive the sampling of relevant documents from files no less frequently than on a quarterly basis and within a reasonable period after request.

    1.    Class Counsel may contact counsel for Defendants to seek an explanation regarding information contained in any of the documents from files produced pursuant to this subsection. Within fifteen days after receipt of the notice from Class Counsel, counsel for Defendants shall respond with an explanation.

## IV.    DISPUTE RESOLUTION PROCEDURES; CONTINUING JURISDICTION

A.    The Court shall retain jurisdiction to supervise the implementation of this Agreement and to enforce its terms, and the terms of this Agreement shall be incorporated into the Order of the Court approving the Agreement.

B.    The parties agree that the Court will not be asked to exercise jurisdiction to supervise the implementation of this Agreement or to enforce its terms until exhaustion of the following dispute resolution process:

    1.    Should Class Counsel believe in good faith that Defendants have failed to implement specific terms of this Agreement, Class Counsel will promptly notify counsel for Defendants, in writing, of the specific grounds upon which non-compliance is alleged. Within twenty (20) calendar days after receipt of the notice from Class Counsel, counsel for Defendants shall notify Class Counsel of Defendants' position and any action it has taken or intends to take in connection therewith. The parties shall negotiate in good faith in an effort to resolve any remaining disputes. The parties agree that this negotiation period will be considered exhausted if the parties jointly determine that negotiations have reached an impasse.

    2.    Should Defendants believe in good faith that a properly promulgated regulation or statute materially changes the processes for determination of whether a claimed fear is reasonable, counsel for Defendants will promptly notify Class Counsel, in writing. Within twenty (20) calendar days after receipt of the notice from Defendants, Class Counsel shall notify Defendants of Class Counsel's position. The parties shall negotiate in good faith in an effort to resolve any remaining disputes. The parties agree that this negotiation period will be considered exhausted if the parties jointly determine that negotiations have reached an impasse.

    3.    If any dispute cannot be resolved informally by either set of counsel for the parties under paragraphs 1 or 2 of this section of the Agreement, counsel shall notify counsel for the opposing party by letter and request that counsel meet and confer. The parties shall meet within ten (10) calendar days of such notice in an attempt to arrive at an amicable resolution of the dispute.

    4.    Upon mutual agreement of the parties, and the consent of Magistrate Judge Laurel Beeler, the parties may refer any unresolved dispute to Magistrate Judge

Beeler for mediation. Such mediation is not a condition precedent to enforce this Agreement or terminate the Agreement as moot through a motion in district court. If the parties elect to pursue mediation and the dispute has not been resolved through mediation within 45 days, counsel may seek to enforce the Agreement or terminate the Agreement as moot through a motion in district court.

5.   If the parties do not reach resolution under the procedures of Paragraphs 1-4, either party may then file a motion requesting that the district court resolve the dispute.

6.   The parties agree that the mediation process shall be conducted confidentially and that no public disclosure shall be made relating to the dispute before or during the mediation process. All documents and information disclosed by either party during the mediation process shall not be admissible in any judicial proceeding. All statements or conclusions of the mediator shall not be admissible in any subsequent judicial proceeding.

C.   The parties agree that any action or proceeding to enforce the terms of this Agreement or terminate the Agreement as moot shall be brought exclusively in the United States District Court for the Northern District of California. The Court in this proceeding shall have the power to award such relief and issue such judgments as the Court deems proper and appropriate.

## V.   TERMS OF ORDER FOR NOTICE, HEARING AND FINAL JUDGMENT

A.   Concurrently with their filing of this Agreement, Class Counsel and Defendants' Counsel shall jointly apply to the Court for Preliminary Approval of the Settlement provided for in this Agreement and entry of a Preliminary Approval Order. Such Preliminary Approval will seek approval of a Notice to the Class substantially in the form appended hereto as Exhibit A, as well as a finding that the following satisfies the publication requirements of Rule 23 of the Federal Rules of Civil Procedure: Within five (5) business days of the date of the Preliminary Approval, (i) posting the Notice to the Class and this Settlement Agreement in appropriate places on the USCIS public website; (ii) providing the Notice to the Class and this Agreement to USCIS' Public Engagement Division for distribution to the existing network of community-based and non-profit organizations who provide advice and assistance to immigrants; (iii) providing the Notice to the Class and this Agreement in appropriate places on the websites of ACLU of Southern California, ACLU of Northern California and National Immigrant Justice Center; and (iv) posting or otherwise making available the Notice to the Class at all ICE immigration detention facilities in which Class Members may be detained, in an area prominently visible to immigration detainees.

B.   If the Settlement contemplated by this Agreement is approved by the Court, counsel for the parties shall request that the Court enter a Final Judgment substantially in the form appended hereto as Exhibit B.

C.   Within ten (10) business days following the Court's entry of the Final Judgment, USCIS will provide the Notice of Final Settlement substantially in the form appended hereto as Exhibit C to all current Class Members identified under Section III of this Agreement by U.S. Mail to their last address provided to USCIS.

D.      USCIS will provide the Notice of Final Settlement substantially in the form appended hereto as Exhibit C to all future potential Class Members in person, once USCIS receives a proper referral package from ICE.

## VI.    EFFECTIVE DATE OF SETTLEMENT; TERMINATION

A.      The Effective Date of this Agreement shall be the date when all of the following shall have occurred: (a) entry of the Preliminary Approval Order; (b) approval by the Court of this Agreement, following notice to the Class and a fairness hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and (c) entry by the Court of Final Judgment, in all material respects in the form appended hereto as Exhibit B.

B.      In the event that the Court does not approve the Agreement, or the Court's approval of the Agreement or the Final Judgment is reversed, vacated, or terminated, on appeal, the parties' good-faith adherence to the terms of this Agreement prior to said reversal, vacatur, or termination shall not be considered unlawful.

C.      Defendants' Counsel or Class Counsel shall have the right to terminate this Agreement by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of (a) the Court's declining to enter the Preliminary Approval Order or modifying that Preliminary Approval Order in any material respect; (b) the Court's declining to approve the Settlement embodied in this Agreement or any material part of it; (c) the Court's declining to enter the Final Judgment or modifying the Final Judgment in any material respect; or (d) the Court of Appeals or the United States Supreme Court's reversing, vacating, or modifying in any material way the Final Judgment.

D.      Except as otherwise provided herein, in the event the Settlement is terminated or modified in any material respect or fails to become effective for any reason, then the Settlement shall be without prejudice and none of its terms shall be effective or enforceable; the parties to this Agreement shall be deemed to have reverted to their respective status in the Action as of the date and time immediately prior to the execution of this Agreement; and except as otherwise expressly provided, the parties shall proceed in all respects as if this Agreement and any related orders had not been entered.  In the event the Settlement is terminated or modified in any material respect, the parties shall be deemed not to have waived, not to have modified, or not be estopped from asserting any additional defenses or arguments available to them.

## VII.   TERMINATION OF OBLIGATIONS

Unless earlier terminated by operation of Section VI, the obligations of this Agreement shall terminate within five (5) years of the Effective Date.  All referrals for individuals with a reinstated order of removal or an administrative order of removal who express a fear of return to the country of removal and reasonable fear adjudications that remain pending will continue to be treated under the terms of this agreement until a reasonable fear determination is made.  By joint agreement of all parties, the Agreement may terminate at an earlier date, if USCIS meets reporting obligations as set out in paragraph III.I.1.

## VIII.   NO ADMISSION OF WRONGDOING

A.   This Agreement, whether or not executed, and any proceedings taken pursuant to it:

1.   shall not be construed to waive, reduce, or otherwise diminish the authority of the Defendants to enforce the laws of the United States against Class Members, consistent with the Constitution and laws of the United States, and applicable regulations;

2.   shall not be offered or received against the Defendants as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants of the truth of any fact alleged by the Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action, or of any liability, negligence, fault, or wrongdoing of the Defendants; or any admission by the Defendants of any violations of, or failure to comply with, the Constitution, laws or regulations; and

3.   shall not be offered or received against the Defendants as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Agreement, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, Defendants may refer to it and rely upon it to effectuate the liability protection granted them hereunder.

## IX.   ATTORNEYS' FEES

Within 60 days of the Effective Date, Defendants shall pay to Class Counsel the sum of $ 325,000 to settle and resolve Plaintiffs' claims to attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Attorneys' Fee and Cost Amount"), plus $ 2,047.66 in taxable costs under 28 U.S.C. § 1920. Such payments shall satisfy all of Defendants' obligations, if any, under 28 U.S.C. § 2412 for Plaintiffs' attorney fees and costs related to and for the Action.

A.   The parties agree to the "Attorneys' Fee and Cost Amount" to avoid further litigation and costs associated with litigating a fee and cost request and to avoid the risks attendant to such proceedings.

B.   Defendants shall deliver the Attorneys' Fee and Cost Amount to Class Counsel by direct wire transfer into Class Counsel's designated account, which Class Counsel shall provide to Defendants within five days of the Effective Date. Plaintiffs and Class Counsel acknowledge that payment of the Attorneys' Fee and Cost Amount by Defendants or any of them in accordance with the wire instructions shall resolve all of Defendants' liability for such amount.

C.   Class Counsel shall be fully responsible for the allocation and payment of the Attorneys' Fees and Cost Amount among themselves.

D.   In the event that Class Counsel seek to enforce the terms of the Agreement pursuant to Section IV.C., nothing in this Agreement shall be interpreted as precluding Plaintiffs from seeking attorneys' fees solely for such enforcement action.

**X.    ADDITIONAL PROVISIONS**

A.   This Agreement, and the obligations incurred herein, shall be in full and final disposition of the Action with prejudice, including any and all Settled Claims against Defendants. On the Effective Date, Plaintiffs and the Plaintiff Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged Defendants of and from any and all Settled Claims.

B.   All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

C.   This Agreement may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto or their successors-in-interest.

D.   The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

E.   This Agreement and its exhibits constitute the entire agreement among the parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto other than those contained and memorialized in such documents.

F.   This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Agreement shall exchange among themselves original signed counterparts.

G.   This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

H.   DHS expressly reserves its discretion, authority and prerogative to issue new regulations, including any amendments to 8 C.F.R. § 208.31.

I.   Nothing in this Agreement should be construed as establishing any right or interest in challenging an adverse reasonable fear determination, a reinstatement of removal order, an administrative removal order, a custody or detention determination, or any other DHS or USCIS action, decision, determination, order, form, instruction, training material, delay, or process or procedure, beyond those expressly provided herein or under law.

J.   This Agreement shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized by the parties that this Agreement is the result of negotiations between the parties and that all parties have contributed substantially and materially to the preparation of this Agreement.

K.   All counsel and any other person executing this Agreement and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken under the Agreement to effectuate its terms.

L.   Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of this Agreement and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

For and on behalf of Defendants:

EXECUTED this 25 day of ____, 2015.

Elizabeth J. Stevens, VSB 47445
Assistant Director, District Court Section
Office of Immigration Litigation Civil Division
United States Department of Justice
P.O. Box 868, Ben Franklin Station Washington, D.C. 20044

**Counsel for Defendants**

For and on behalf of Plaintiffs and the Class:

EXECUTED this 17th day of June, 2015.

**Michael Kaufman**
**Carmen Iguina**
**Ahilan Arulanantham**
American Civil Liberties Union
of Southern California
1313 West 8th Street
Los Angeles, CA 90017
213-977-5284
213-977-5297 (fax)
mkaufman@aclu-sc.org

**Julia Harumi Mass, Esq.**
American Civil Liberties Union
of Northern California, Inc.
39 Drumm Street
San Francisco, CA 94111
415-621-2493
415-255-8437 (fax)
jmass@aclunc.org

**Charles Roth**
croth@heartlandalliance.org
**Claudia Valenzuela**
cvalenzuela@heartlandalliance.org
National Immigrant Justice Center
A Heartland Alliance Partner
208 South LaSalle, Suite 1300
Chicago, Illinois 60604
Telephone: (312) 660-1308
Facsimile: (312) 660-1505

**James A. Rolfes**
jrolfes@reedsmith.com
**David Z. Smith**
dzsmith@reedsmith.com
**Timothy R. Carraher**
tcarraher@reedsmith.com
**Christopher R. Murphy**
crmurphey@reedsmith.com
Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606
(312) 207-1000
(312) 207-6400 (fax)

**John D. Pingel**
Reed Smith LLP
101 Second Street, Suite 1800
San Francisco, CA 94015
415-659-5683
415-391-8269 (fax)
jpingel@reedsmith.com

**Counsel for Plaintiffs**